WASHINGTON MUTUAL BANK, F.A., Appellee,

v.

GREEN et al., Appellants.

[Cite as *Washington Mut. Bank, F.A. v. Green,* 156 Ohio App.3d 461, 2004-Ohio-1555.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 03 MA 106.

Decided March 17, 2004.

Dennis Reimer and Dean Kanellis, for appellee.

Wayne Sarna and Northeast Ohio Legal Services, for appellants.

VUKOVICH, Judge.

{¶ 1} Defendant-appellant Linda Green appeals from the judgment of the Mahoning County Common Pleas Court, which granted summary judgment on the foreclosure complaint of plaintiff-appellee Washington Mutual Bank, F.A. Appellant alleges that her motion to dismiss should have been granted or Washington Mutual's motion for summary judgment should have been denied because there was no evidence that Washington Mutual was the real party in interest on her home mortgage and the accompanying promissory note. She also alleges that the court abused its discretion in failing to grant her leave to file a third-party complaint against another bank that recently began sending her billing statements. For the following reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings.

## STATEMENT OF THE CASE

{¶ 2} In February 2002, Washington Mutual filed a complaint in foreclosure against appellant. The complaint alleged that appellant was in default on her promissory note secured by a mortgage on her residence on Ellenwood Avenue in Youngstown. The complaint alleged a balance of $35,159.25 plus 12.25 percent interest from May 1, 2001. The promissory note and mortgage were attached to the complaint. From these documents, it is apparent that the promissory note and mortgage were issued to Check 'n Go Mortgage Services on December 21, 2000.

{¶ 3} Appellant filed a motion to dismiss the complaint, alleging a lack of evidence that Washington Mutual was the real party in interest. Appellant noted that the exhibits to the complaint show Check 'n Go as the mortgage holder. Washington Mutual responded that Civ.R. 8 requires only a short and plain statement of the relief sought and so its statement that it is the current owner of the note and mortgage must be taken as true.

{¶ 4} Before the court acted on the dismissal motion, the case was stayed due to appellant's pending bankruptcy. In July 2002, appellant filed a notice of discharge showing that she was discharged of personal liability on the note.

{¶ 5} Appellant then filed an answer to the complaint, again contending a lack of proof that Washington Mutual was the real party in interest. Appellant also set forth various defenses based upon allegations that the value of the property was overstated, since the county auditor had the property valued only at $9,600 and that the loan proceeds were for home improvement work that was not properly performed.

{¶ 6} In March 2003, Washington Mutual filed a motion for summary judgment. As to the bankruptcy discharge, they noted that appellant's personal liability was discharged and thus their only remedy was foreclosure on the house. They stated that because appellant defaulted on the loan, they were entitled to acceleration of the loan and foreclosure. They attached the affidavit of their vice-president. This affidavit states that the affiant had personal knowledge of the account, which was under her supervision. She stated that the account was in default and so they exercised their option to accelerate the loan. She also advised that the copies of the note and mortgage were true and accurate copies.

{¶ 7} Appellant responded by arguing that the exhibits show Check 'n Go as the mortgage holder and that the affidavit does not state how or when Washington Mutual obtained the note and mortgage. Appellant attached exhibits from the county recorder's office showing an assignment of the note and mortgage to The Provident Bank (assignment in March 2001, recorded in April 2001) and to Long Beach Mortgage Company (recorded in July 2001), complaining that the recorder's office had no evidence of the assignment to Washington Mutual. Appellant concluded that there is a genuine issue of material fact as to who is the true mortgage holder. Appellant also reiterated her argument as to overstating the value of her house and the incomplete home improvement work.

{¶ 8} On April 24, 2003, appellant filed a motion for leave to file a third-party complaint against Fairbanks Capital Corporation. The motion stated that appellant's attorney recently discovered that Fairbanks was attempting to collect on the mortgage. Appellant claimed that it was necessary to join Fairbanks in order to present claims for violation of the Fair Debt Collection Act.

{¶ 9} On June 3, 2003, the trial court overruled appellant's motion to dismiss, overruled appellant's motion to file a third-party complaint as untimely, and sustained Washington Mutual's motion for summary judgment as to the foreclosure. Appellant filed timely notice of appeal.

{¶ 10} Appellant sets forth three assignments of error, which we shall address in the chronological order in which each issue arose in the trial court. Appellee failed to file a brief.

## ASSIGNMENT OF ERROR NUMBER TWO

{¶ 11} Appellant's second assignment of error provides:

{¶ 12} "The trial court committed an abuse of discretion in the judgment entry dated June 3, 2003, in overruling appellant Green's motion to dismiss."

{¶ 13} Appellant filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim along with Civ.R. 17(A), requiring a suit to be brought in the name of the real party in interest. Under this assignment, appellant cites cases

that require a lawsuit to be brought in the name of the real party in interest. Appellant argues that the record does not show Washington Mutual's interest in the note and mortgage.

{¶ 14} First, we note that both cases cited by appellant stand for the proposition that a partner cannot sue individually for default on a contract that was entered into by the partnership. *Holloway v. Wilson* (Aug. 4, 2000), 2d Dist. No. 99CA76, 2000 WL 1062327; *Oda v. Davis* (1992), 81 Ohio App.3d 555, 611 N.E.2d 933. These *specific* holdings are not relevant herein, although the general statements that an action must be brought in the name of the real party in interest are obviously applicable. The cases help explain the purpose behind Civ.R. 17(A), that is, to ensure finality and avoid multiple judgments being entered against the defendant in cases where the real party in interest sues later.

{¶ 15} As appellant concedes, a motion to dismiss can be granted only if, after all the factual allegations in the complaint are presumed true and all reasonable inferences are made in the plaintiff's favor, it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. *Cincinnati v. Beretta USA Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, at ¶ 5; *Stone v. N. Star Steel Co.* (2003), 152 Ohio App.3d 29, 33, 786 N.E.2d 508. As long as a set of facts consistent with the complaint would allow plaintiff recovery, the court shall not grant a motion to dismiss. *Beretta* at ¶ 5.

{¶ 16} Here, Washington Mutual's complaint states that it is the owner and holder of the promissory note and mortgage. It is well established that the real party in interest in such a case is the current noteholder/mortgage holder, which, due to the possibility of assignment, could be different from the original holder. See *Conrad v. Rarey* (1931), 125 Ohio St. 326, 331–332, 181 N.E. 444. See, also, 1970 Staff Note to Civ.R. 17(A).

{¶ 17} Under the aforestated premises behind motions to dismiss, we must thus presume that Washington Mutual's statement is true. If this statement is presumed true, then Washington Mutual is considered to be the real party in interest for purposes of the pretrial motion to dismiss stage of the proceedings. As such, the trial court correctly refused to grant the motion to dismiss at a time before the allegations of the complaint were required to be proven. Accordingly, this assignment of error is overruled.

## ASSIGNMENT OF ERROR NUMBER ONE

{¶ 18} Appellant's first assignment of error argues:

{¶ 19} "The trial court erred at law in sustaining the motion for summary judgment of appellee Washington [Mutual] Bank and granting summary judgment for appellee Washington Mutual Bank on the foreclosure complaint."

{¶ 20} We review the trial court's grant of summary judgment de novo. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. Pursuant to Civ.R. 56(C), summary judgment is proper if (1) no genuine issue of material fact remains to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears that reasonable minds can only come to a conclusion that is adverse to the nonmovant. *Welco Indus., Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129. A trial court should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Id.

{¶ 21} The movant has the initial burden of informing the trial court of the basis for its summary judgment motion by identifying the portions of the record that demonstrate the absence of a genuine issue for trial. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The burden then shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial in that reasonable minds could reach different conclusions. Id.

{¶ 22} Appellant states that after she complained in a motion to dismiss and an answer about the lack of proof that Washington Mutual was a real party in interest, Washington Mutual should have established that it was assigned the note and mortgage. Appellant contends that the affidavit of Washington Mutual's vice-president, which merely states that the account is under her supervision, fails to establish assignment of the mortgage and note to Washington Mutual. Appellant cites cases that reversed the grant of summary judgment where the plaintiff in foreclosure failed to establish that it was the real party in interest because the note and mortgage were originally issued to a different holder. *First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673, 2001-Ohio-2271, 767 N.E.2d 1206; *Kramer v. Millott* (Sept. 23, 1994), 6th Dist. No. E–94–5, 1994 WL 518173.

{¶ 23} In *Kramer*, the plaintiff, who attempted to foreclose on a defaulted note secured by a mortgage, was not the original noteholder. The defendants' answer denied that the plaintiff was the current holder of the note. Still, the plaintiff sought and received summary judgment in the trial court. The Sixth Appellate District reversed, stating that the only evidence in the record connecting the plaintiff with the note and mortgage was an affidavit wherein the plaintiff claimed that she inherited the note and mortgage from the original holder and a proposed distribution list from a court showing the plaintiff as a *proposed* distributee. Id.

{¶ 24} The court stated, "Conspicuously absent from the evidence that was before the trial court is documentation from the Arizona Probate Court which shows that there was in fact a distribution of the note and mortgage to appellee." Id. Thus, the appellate court concluded that the plaintiff failed to establish herself as the real party in interest and thus failed to establish that she was entitled to judgment as a matter of law. Id.

{¶ 25} In *First Union*, the defendant entered into a note and mortgage with First Union Home Equity Bank, N.A., Charlotte, North Carolina. When the defendant defaulted, she was sued by a bank with a similar name, First Union National Bank, Raleigh, North Carolina. The plaintiff filed a motion for summary judgment with an attached affidavit from its assistant vice-president. In her answer and in her response to the summary judgment motion, the defendant denied that the plaintiff was the real party in interest and alleged insufficient documentation of assignment or succession. The plaintiff thereafter supplemented its motion with a notification from the Controller of Currency showing that the original note holder merged with First Union Bank of Delaware to become First Union National Bank of Delaware.

{¶ 26} During the course of the proceedings, the defendant received correspondence from another institution that seemed to assert a right to the proceeds of the note and mortgage. Thus, the defendant filed a motion to join this entity. However, the trial court granted the plaintiff's motion for summary judgment.

{¶ 27} In her appeal, the defendant argued that ownership of the note and mortgage was a material and unascertained factual issue barring summary judgment. The Third Appellate District agreed and reversed the grant of summary judgment. The court stated that a party who has failed to establish a disputed claim of real party in interest is not entitled to judgment as a matter of law. Id. at ¶ 13. The court noted that in many cases, especially those involving negotiable instruments, a defendant often faces hardship in discovering whether the plaintiff is an improper party. Id. at ¶ 18.

{¶ 28} The court pointed out how the defendant indicated that she had insufficient knowledge that the plaintiff was the real party in interest and how she alerted the trial court to the possibility of another holder who might be claiming an overriding interest. Id. at ¶ 19. The court concluded that the plaintiff failed to produce sufficient evidence of its connection with the original holder or with the original holder's merged successor. Id. at ¶ 20. "Other than appellee's inferences or bald assertions, the record contains no clear statement or documentation of their relationship with [the newly created bank] or of a transfer of the note or mortgage." Id.

{¶ 29} The appellate court held that the affidavit from the assistant vice-president stating that the mortgage and note are part of an account under her supervision did not sufficiently show the plaintiff's status as the real party in interest. Id. at ¶ 21. "Though inferences could have been drawn from this material, inferences are inappropriate, insufficient support for summary judgment and are contradictory to the fundamental mandate that evidence be construed most strongly in favor of the nonmoving party." Id.

{¶ 30} The court also focused on the defendant's motion to join the corporation that had recently begun sending her correspondence regarding the note and mortgage. Id. at ¶ 22. "In granting summary judgment, the trial court failed to determine whether HomEq was a party needed for just adjudication in an action for enforcement of the obligations." Id. at ¶ 23. The court concluded that "the task of determining and designating the priority mortgage holder was clearly an unascertained issue of material fact before the trial court." Id. at ¶ 24. Hence, the Third Appellate District held that the plaintiff failed to establish itself as a real party in interest and was not entitled to judgment as a matter of law. Id.

{¶ 31} We find the rationale of *First Union* persuasive. As is apparent from the above case review, *First Union* is a case on point. In fact, the similarities are striking. Specifically, appellant maintained throughout the proceedings that she did not believe that Washington Mutual was the real party in interest. She submitted documents from the recorder's office showing assignment of the mortgage to two different companies in 2001 and noted that she found no entries showing assignment to Washington Mutual. She began receiving notices from an entirely different entity seeking to collect on the mortgage during the course of the proceedings, further confusing the issue of the real party in interest.

{¶ 32} Washington Mutual submitted an affidavit similar to the one in First Union, merely stating that the account is under the supervision of the affiant and the account is in default. The affidavit did not mention how, when, or whether Washington Mutual was assigned the mortgage and note. The trial court's grant of summary judgment and denial of the right to file a third-party complaint defeated the purpose of Civ.R. 17(A). That is, appellant is not protected from multiple judgments on the same subject matter, and she may be precluded from asserting various counterclaims due to the judgment.

{¶ 33} As such, this assignment of error is sustained. The grant of summary judgment is reversed, and the case is remanded for further proceedings. The above discussion also relates to appellant's third assignment of error.

## ASSIGNMENT OF ERROR NUMBER THREE

{¶ 34} Appellant's third assignment of error contends:

{¶ 35} "The trial court committed an abuse of discretion in overruling appellant's motion for leave to file third-party complaint."

{¶ 36} Pursuant to Civ.R. 14(A), if more than 14 days have passed since service of the answer, the potential third-party plaintiff must seek leave to bring in a third-party defendant. Appellant claims that the trial court abused its discretion in defining her request as untimely. Appellant cites a case from this court that upheld denial of leave based upon the 16 months that had elapsed since

the date the movant became aware of the possibility of a third party and the date the movant sought leave. *Sullinger v. Moyer* (Aug. 6, 1997), 7th Dist. No. 96 CA 152, 1997 WL 467566.

{¶ 37} Appellant distinguishes that case from her case, arguing that this case was only in the summary judgment stage when she sought leave and that the motion was filed soon after she started receiving billing from Fairbanks Capital. She asks us to consider the history of the loan: opened with Check 'n Go in December 2000, assigned to The Provident Bank in March 2001 (recorded in April 2001), assigned to Long Beach Mortgage Company (recorded in July 2001), being sued by Washington Mutual in February 2002, and then receiving billing statements from Fairbanks in March 2003. She concludes that considering this history, her April 2003 request to file a third-party complaint to bring in Fairbanks was reasonable.

{¶ 38} Under the reasoning of *First Union*, some of appellant's arguments concerning the third party are meritorious. See *First Union* at ¶ 23–24 (stating that the trial court failed to determine whether the new institution was a party needed for just adjudication). As we are already remanding on the prior assignment of error, we shall merely state that on remand, appellant should immediately re-raise the Fairbanks issue, paying particular attention to Civ.R. 19(A) and 12(H). Appellant can also supplement her motion in order to establish that the time frame was reasonable by informing the trial court of the day she learned of the existence of Fairbanks and by attaching the notices from Fairbanks.

{¶ 39} For the foregoing reasons, the judgment of the trial court is hereby reversed, and this cause is remanded for further proceedings according to law and consistent with this court's opinion.

Judgment reversed
and cause remanded.

WAITE, P.J., and DEGENARO, J., concur.