OPINION
{¶ 1} Defendants-appellants, Elmer and Bonnie Parsons, appeal from a Mahoning County Common Pleas Court judgment granting summary judgment on the residential foreclosure complaint of plaintiff-appellee, DLJ Mortgage Capital, Inc.
 {¶ 2} On April 18, 2006, appellee filed a foreclosure complaint against appellants. The complaint alleged that appellants were in default on their promissory note secured by a mortgage on their residence on Read Street in Lowellville. The complaint alleged a balance of $64,530.23, plus 9.9 percent interest from March 1, 2003, late charges, advances for taxes and insurance, and all other expenditures recoverable. Attached to the complaint were copies of the promissory note and mortgage. From these documents, it is apparent that The CIT Group/Consumer Finance, Inc. (CIT) issued the promissory note and mortgage on February 22, 2001.
 {¶ 3} On August 22, 2006, appellee moved for summary judgment seeking a finding of default on the promissory note and a decree of foreclosure. Appellee stated that since appellants defaulted on the loan, they were entitled to acceleration of the loan and foreclosure. Attached to the motion for summary judgment was an affidavit regarding the account from Jon Menz, an employee of Fidelity National Foreclosure Bankruptcy Solutions (FNF) and an officer of Select Portfolio Servicing, Inc. FNF provides mortgage and foreclosure related services to appellee. In addition, FNF maintains the records pertaining to this account. The affidavit stated that appellee is the holder of the note and mortgage referenced in the complaint. No other evidence was submitted regarding an assignment of the mortgage to appellee.
 {¶ 4} Appellants filed a response asserting that appellee is not the real party in interest. Appellants attached Mrs. Parsons' affidavit in support. Mrs. Parsons *Page 3 
stated that payments made by appellants were not reflected in the payment history/account evidence submitted by appellee and that the monthly mortgage payments exceed the amount shown on the original note and mortgage. In addition, appellants argued that appellee could not show a chain of title establishing it as the holder of the note and mortgage in question.
 {¶ 5} On November 22, 2006, the trial court granted summary judgment in favor of appellee and issued a decree of foreclosure. However, the judgment was not delivered to the parties at this time.
 {¶ 6} On November 24, appellee filed a motion for extension of time to reply to appellants' response to summary judgment, which the court granted on December 13, 2006.
 {¶ 7} A review of the docket reveals that the clerk of courts did not serve a copy of the court's summary judgment entry to appellee's counsel until December 27, 2006, and did not serve appellants' counsel with a copy until January 4, 2007.
 {¶ 8} Appellants filed a timely notice of appeal on January 29, 2007.
 {¶ 9} Appellants raise one assignment of error, which states:
 {¶ 10} "IN A FORECLOSURE ACTION, THE TRIAL COURT ERRS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF WHERE THERE EXISTS A GENIUNE ISSUE OF MATERIAL FACT REGARDING WHETHER OR NOT PLAINTIFF IS THE HOLDER OF THE NOTE AND MORTGAGE THAT IS THE SUBJECT OF THE COMPLAINT."
 {¶ 11} Appellants argue that the mortgage in question was assigned twice and that the current holder of record is "U.S. Mortgage, 5825 West Sahara Avenue, Las Vegas, NV." Appellants contend that the titled assignee of the mortgage is not the same party listed as the plaintiff in this case. Therefore, appellants assert that there is a genuine issue of material fact concerning the identity of the real party in interest making summary judgment inappropriate.
 {¶ 12} Appellee contends that the mortgage was assigned after the initiation of the foreclosure action and that it is now the owner of the mortgage in question. *Page 4 
Appellee argues that its late recording of the assignment does not create a genuine issue of material fact as to who the real party in interest is.
 {¶ 13} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. Am. Industries Resources Corp. (1998), 128 Ohio App.3d 546, 552, 715 N.E.2d 1179. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsonsv. Flemming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. A "material fact" depends on the substantive law of the claim being litigated.Hoyt, Inc. v. Gordon Assoc, Inc. (1995), 104 Ohio App.3d 598, 603,662 N.E.2d 1088, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 14} Appellants rely on this court's decision in Washington Mut.Bank, F.A. v. Green, 156 Ohio App.3d 461, 806 N.E.2d 604,2004-Ohio-1555, for support as this case is very similar. In that case, Linda Green entered into a note and mortgage with Check `n Go Mortgage Services. Green allegedly defaulted on the note. Washington Mutual filed a complaint of foreclosure against her. In its complaint, Washington Mutual stated that it was the current owner of the note and mortgage. Green filed a motion to dismiss, alleging a lack of evidence that Washington Mutual was the real party in interest. Washington Mutual then filed a motion for summary judgment and attached the affidavit of its vice-president. In the affidavit, the vice-president stated that she had personal knowledge of the account, which was under her supervision, and that the account was in default. During the course of the proceedings, Green received correspondence from another institution that seemed to assert a right to the proceeds of the note and mortgage. However, the trial court granted Washington Mutual's motion for summary judgment.
 {¶ 15} On appeal, Green argued that the affidavit of Washington Mutual's *Page 5 
vice-president, which merely stated that the account was under her supervision, failed to establish assignment of the mortgage and note to Washington Mutual. This court agreed. Relying on First Union Natl. Bankv. Hufford (2001), 146 Ohio App.3d 673, 767 N.E.2d 1206, we pointed out the following pertinent facts: (1) Green maintained throughout the proceedings that she did not believe Washington Mutual was the real party in interest; (2) Green submitted documents from the recorder's office showing assignment of the mortgage to two different companies and noted that she found no entries showing assignment to Washington Mutual; (3) Green began receiving notices from an entirely different entity seeking to collect on the mortgage; (4) Washington Mutual submitted an affidavit merely stating that the account was under the supervision of the affiant and the account was in default; and (5) the affidavit did not mention how, when, or whether Washington Mutual was assigned the mortgage and note. Washington Mut., at ¶ 31-32.
 {¶ 16} We noted that the First Union court held, "Though inferences could have been drawn from this material, inferences are inappropriate, insufficient support for summary judgment and are contradictory to the fundamental mandate that evidence be construed most strongly in favor of the nonmoving party.'" Id. at ¶ 29, quoting First Union, at ¶ 21. We further held that the trial court's grant of summary judgment and the denial of the right to file a third-party complaint exposed Green to multiple judgments on the same subject matter. Id. at ¶ 32. Thus, we concluded that summary judgment was not proper.
 {¶ 17} There are many similarities between this case andWashington Mutual. Specifically, appellants have stated throughout the proceedings that they do not believe appellee to be the party in interest. Additionally, documents from the recorder's office show that the mortgage and note were assigned to Olympus Servicing LP. There is no document, on the record, showing an assignment to appellee. The only evidence on the record of an assignment to appellee is the affidavit of Jon Menz. However, the affidavit fails to mention how, when, or whether appellee was assigned the mortgage and note. As in WashingtonMutual and First *Page 6 Union, the evidence in this case likewise did not establish that appellee is the owner of the note and mortgage.
 {¶ 18} Attached to appellee's appellate brief is a copy of an assignment of the note and mortgage from Olympus Servicing LP to appellee. The file stamp on the assignment shows that it was recorded on February 22, 2007. But the trial court granted summary judgment on November 22, 2006. Although this assignment appears to establish appellee as the party in interest, there is no evidence of this assignment on the record. In fact, evidence of this assignment could not have existed at the time the court granted summary judgment because it had not yet occurred. Hence, it follows that the issue of whether appellee held a valid and secured lien after Olympus assigned the mortgage could not have been determined. Even if the assignment had occurred before the court entered summary judgment, the trial court had no evidence of such. Civ. R. 56(C) provides that:
 {¶ 19} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except asstated in this rule." (Emphasis added).
 {¶ 20} The trial court should have denied summary judgment. A genuine issue of material fact existed as to whether or not appellee was the real party in interest since there was no evidence on the record of the assignment. Accordingly, appellant's first assignment of error has merit.
 {¶ 21} For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded for further proceedings pursuant to law and consistent with this opinion.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1