[Cite as *Hudson & Keyse, L.L.C. v. Yarnevic-Rudolph*, 2010-Ohio-5938.]
STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| HUDSON & KEYSE, LLC, ASSIGNEE | ) | CASE NO. 09 JE 4 |
| BENEFICIAL COMPANY, LLC | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DEBORAH LEE YARNEVIC-RUDOLPH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the County Court No. 2
                               of Jefferson County, Ohio
                               Case No. 07 CVF 361

JUDGMENT:                      Reversed and Remanded.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Timothy J. Hacking
                               Hudson & Keyse LLC
                               382 Blackbrook Road
                               Painesville, Ohio  44077

For Defendant-Appellant:       Atty. Casimir T. Adulewicz
                               Suite 409 Sinclair Building
                               P.O. Box 1388
                               Steubenville, Ohio  43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                               Dated:  November 29, 2010

WAITE, J.

{¶1} Appellant, Deborah Lee Yarnevic-Rudolph, appeals two judgment entries of the Jefferson County Court No. 2. The first judgment entry, dated April 28, 2008, entered summary judgment against Appellant and in favor of Appellee, Hudson & Keyse, LLC, the purported assignee of a personal loan agreement entered into by Appellant with Beneficial Company, LLC ("Beneficial") on or about June 28, 2000. The second judgment entry, dated October 2, 2008, overruled Appellant's motion to quash an order and notice of garnishment issued by the county court to Appellant's employer, Quest Diagnostics, on August 4, 2008.

{¶2} A complaint seeking the unpaid balance of the loan in this matter was filed on September 4, 2007. The personal loan agreement at issue was attached to the complaint. The complaint contains four counts relative to: payment due on an account; quantum meruit; unjust enrichment; and breach of contract. Appellee filed a motion for summary judgment with leave of the court on January 14, 2008.

{¶3} Appellee predicated its motion on an affidavit of Nancy Quere, one of the company's legal account managers. Quere asserted that Appellant had entered into the personal loan agreement and that there was a balance due on the note of $3,315.16, plus interest running at a rate of 24.99 percent from December 31, 2001. (Quere Aff., ¶2.) The total amount owed as of April 30, 2007 was $5,167.45. (Quere Aff., ¶2.) Appellee attached interrogatories submitted by Appellant, in which Appellant admitted she entered into and defaulted on the personal loan agreement. These interrogatories and the Quere affidavit were the only attachments to the motion for summary judgment.

**{¶4}** With respect to the alleged assignment from Beneficial, Quere states in her affidavit "[t]hat the said indebtedness represents the amount due and originating from a consumer loan, which Hudson & Keyse, L.L.C. is the Assignee of Beneficial Company Llc [sic] and that Hudson & Keyse, L.L.C., Assignee of Beneficial Company Llc [sic], the within named Plaintiff, having purchased said debt from said assignor, is the owner of said debt and is the proper party to bring this action." (Quere Aff., ¶3.)

**{¶5}** On March 5, 2008, in response to a request by the trial court, Appellee filed a copy of a document captioned, "ASSIGNMENT AND BILL OF SALE," which reads, in its entirety:

**{¶6}** "HSBC Consumer Lending (USA) Inc. on behalf of and as managing company for [Beneficial] and HFC Company LLC and their respective subsidiaries (hereinafter called 'Seller') has entered into an Account Purchase and Sale Agreement dated July 26, 2006 'Agreement') for the sale of accounts dated in the initial paragraph of the Agreement thereof to Hudson & Keyse, L.L.C., (hereinafter called 'Purchaser'), upon the terms and conditions set forth in that Agreement.

**{¶7}** "NOW, THEREFORE, for good and valuable consideration, Seller hereby sells, assigns, and transfers to Purchaser, its successors and assigns, all of Seller's rights, title, and interest in each and every one of the Accounts described in the Agreement.

**{¶8}** "Purchaser and Seller agree that the Purchase Price shall be as stated in Section 3 of the Agreement.

{¶9} "IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 26 day of July 2006."

{¶10} The assignment and bill of sale is signed on behalf of HSBC Consumer Lending (USA) Inc., Beneficial's managing company, by "Mushtaq Sahaf, Vice President." A copy of the "Agreement" referred to in the assignment and bill of sale is not attached.

{¶11} Inexplicably, no response to the motion for summary judgment was filed, however, Appellant did file a motion for judgment on the pleadings on April 22, 2008. In her barebones two paragraph motion, Appellant claimed that the complaint was not filed within the applicable statute of limitations and that Appellee was not the real party in interest. No caselaw was cited.

{¶12} A hearing on the motion for summary judgment was scheduled for April 10, 2008. The docket does not reflect that a hearing was held. However, according to Appellee's brief, a hearing was held and Appellant appeared without her counsel. At the hearing, Appellant was unable to reach her counsel by telephone. The trial court granted the summary judgment motion on April 28, 2008. It appears from the judgment entry that the trial court entered summary judgment on the first count in the complaint.

{¶13} On June 27, 2008, Appellee sent a notice of court proceedings to collect debt to Appellant pursuant to R.C. 2716.02. On August 4, 2008, the county court issued an order and notice of garnishment in the case. The order was directed to "Quest Diagnostics (Attn: Payroll/Garnishment), 1290 Wall Street, West[,]

Lyndhurst NJ 07071." (Garnishment Order, p. 1.) Appellant filed her motion to quash the order on August 22, 2008. Appellant works at a Quest Diagnostics facility in Pittsburgh, Pennsylvania, and she argued that a Pennsylvania statute, 42 Pa.C.S.A. 8127, prohibits wage garnishment in that state. At a hearing on the motion conducted on October 2, 2008, the trial court overruled the motion to quash.

{¶14} Appellant contends that this appeal was timely filed because she never received copies of the judgment entries at issue in this appeal from the trial court. The docket does not reflect that Appellant was served. Therefore, this appeal must be considered timely filed. *Huntington Natl. Bank v. Syroka*, 6th Dist. No. L-09-1240, 2010-Ohio-1358, fn.1 ("There is nothing in the appearance docket stating that the clerk of court served appellants with the cognovit judgment journalized on July 22, 2009. Thus, the 30-day appeal deadline under App.R. 4(A) never began to run and appellants' notice of appeal filed September 10, 2009, was timely.")

{¶15} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United,*

*Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. When a court considers a motion for summary judgment, the facts must be taken in the light most favorable to the nonmoving party. Id.

**{¶16}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis sic.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party carries its burden, the nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264. In other words, in the face of a properly supported motion for summary judgment, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023.

**{¶17}** In her first and second assignments of error, Appellant contends that Appellee is not the real party in interest with respect to the personal loan agreement. In her third assignment, she argues that the interest rate on the loan violates Ohio's usury statute. In her fourth assignment, she asserts that the trial court erred in overruling her motion to quash the garnishment order.

**{¶18}** Based on the record, there remains a genuine issue of material fact as to whether Appellee is the real party in interest in this case. Thus, the decision of the trial court granting summary judgment to Appellee is reversed. Because we must

remand this matter to the trial court, we also note that the interest rate on the note must be adjusted to reflect a statutory rate of eight percent. Appellant's remaining assignments of error are moot.

## ASSIGNMENT OF ERROR NO. 1

{¶19} "The lower Court erred in not ruling that the action was not brought by the real party in interest."

{¶20} In her first assignment of error, Appellant argues that "the Plaintiff's law firm, Hudson & Keyse, LLC" was not the real party in interest when the case was filed on September 4, 2007. (Appellant's Brf., p. 4.)

{¶21} In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee "must allege and prove the assignment." *Zwick & Zwick v. Suburban Constr. Co.* (1956), 103 Ohio App. 83, 84, 134 N.E.2d 733. In other words, in order to prevail, the assignee must prove that it is the real party in interest for purposes of bringing the action. An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement. *Natl. Check Bur., Inc. v. Cody*, 8th Dist. No. 84208, 2005-Ohio-283, citing *Zwick*, supra.

{¶22} In *Washington Mut. Bank, F.A. v. Green*, 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604, we held that the affidavit of Washington Mutual's vice president did not establish that the note and mortgage in that case had been assigned to the bank. First, the affidavit did not contain an unequivocal statement that Washington Mutual was the holder of the note and mortgage. Second, "[t]he

affidavit did not mention how, when, or whether Washington Mutual was assigned the mortgage and note." Id. at ¶32; see also *Everhome Mtge. Co. v. Rowland*, 10th Dist. No. 07AP-615, 2008-Ohio-1282, ¶15 ("Without evidence demonstrating the circumstances under which it received an interest in the note and mortgage, [the plaintiff] cannot establish itself as the holder").

**{¶23}** The trial court in *Washington Mutual* also denied the defendant's Rule 19 motion to join a second lender that was asserting a right to payment under that note and mortgage. In addition to reversing the summary judgment, we instructed the appellant to re-raise the Rule 19 issue upon remand. Otherwise, the appellant would not be protected from multiple judgments on the same subject matter, and may be precluded from raising various counterclaims due to the judgment. Id., ¶32.

**{¶24}** Here, the affidavit contains an unequivocal statement by Quere that Appellee is the assignee of Beneficial's interest in the personal loan agreement. However, the "how and when" requirement articulated in *Washington Mutual* are not met. The assignment and bill of sale is evidence that Appellee is the assignee of Beneficial's interest in some unidentified accounts, however, due to the fact that the agreement referred to in the assignment and bill of sale is not attached, it is not clear that Appellant's account is among the assigned accounts. To the extent that there is no evidence that Appellant's personal loan agreement was among the accounts assigned to Appellee by Beneficial, the trial court erred as a matter of law when it entered summary judgment.

**{¶25}** In addition to her real party in interest challenge, Appellant also contends that the claim is barred by the statute of limitations governing negotiable instruments. Appellant argues that, "[t]he claim is dated June 28, 2000, and is barred by the statute of limitations of six years, as noted in O.R.C. 1303.16." (Appellant's Brf., p. 4.) That statute reads, in pertinent part:

**{¶26}** "(A) Except as provided in division (E) of this section, an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."

**{¶27}** Appellee counters that this matter involves a breach of contract action. Hence, the fifteen year statute of limitations applicable to breach of contract actions found in R.C. 2305.06 applies.

**{¶28}** Assuming that this action is governed by the statute of limitations set forth in R.C. 1303.16, Appellee seeks damages accruing from December of 2001. The personal loan agreement contains an acceleration clause in the event of a default. Based on the acceleration clause in the Agreement, the complaint, filed on September 4, 2007, was filed within six years of the accelerated due date. Thus, this action was timely filed even if the negotiable instruments statute of limitations applies.

**{¶29}** Next, Appellant contends that the trial court did not rule on her motion for judgment on the pleadings. However, in granting the motion for summary judgment, the trial court overruled the motion for judgment on the pleadings.

**{¶30}** Accordingly, the first assignment of error is sustained in part, because there remains a genuine issue of material fact concerning the real party in interest, here. Her first assignment of error is overruled with respect to the remaining issues raised. Because we sustain Appellant's first assignment of error in part, her second and fourth assignments are moot.

### ASSIGNMENT OF ERROR NO. 3

**{¶31}** "The lower Court erred in granting a Judgment with usurious interest and an award of attorney fees."

**{¶32}** Appellant contends that R.C. 1343.01, captioned "Maximum rate of interest; exceptions," governs the interest chargeable on the note in this case. R.C. 1343.01 reads, in pertinent part:

**{¶33}** "(A) The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually, except as authorized in division (B) of this section."

**{¶34}** As with many general rules, however, several exceptions exist. A party may agree to pay a rate higher than eight percent if (1) the principal indebtedness exceeds $100,000; (2) the payment is to a broker or dealer registered under the "Securities Exchange Act of 1934"; (3) the loan is secured by a mortgage or deed or trust and the loan is federally insured; (4) the loan is secured by a mortgage, deed of trust, or land installment contract; (5) the contract is payable on demand and is not

secured by household or other goods used for personal or family purposes; or (6) the instrument represents a business loan. R.C. 1343.01(B).

**{¶35}** The personal loan agreement in the case sub judice states that Appellant provided a security interest in personal property, although the personal property is not identified. It does not appear that Appellant provided a security interest in an automobile, because the agreement requests a "make/model" and a serial number, but neither is provided.

**{¶36}** Based on the record before this Court, it appears that none of the exceptions to R.C. 1343.01(A) apply in this case, and that any interest on an amount due and owing should be calculated at eight percent pursuant to the usury statute. In its brief, Appellee summarily states that R.C. 1343.01(A) does not apply to this action, however, "assuming this Section applies, then the judgment is not invalid, the interest rate would simply need to be adjusted to the proper rate." (Appellee's Brf. p. 9.) Appellee does not cite any facts or caselaw to support its assertion that the statute does not apply. Accordingly, Appellant's third assignment of error is sustained.

**{¶37}** In summary, Appellee did not establish that it is the assignee of the personal loan agreement at issue in this case. As a rule, courts have required proof of an assignment sufficient to protect a promissor from multiple claims. Therefore, Appellant's first assignment of error is sustained on this issue, and the summary judgment entry is reversed. Likewise, the third assignment of error is sustained, and, in the event judgment is again entered below, the rate of interest on the personal

loan agreement appears limited to eight percent. Based on our decision as to the first assignment of error, appellant's second and fourth assignments of error are rendered moot.

{¶38} This matter is remanded to the trial court for further proceedings consistent with our Opinion.