[Cite as *H&S Fin., Inc. v. Davidson*, 2011-Ohio-4290.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| H&S FINANCIAL, INC. | : | |
| | : | Appellate Case No. 24291 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No.   98-CVF-2345 |
| v. | : | |
| | : | |
| THERESIA A. DAVIDSON | : | (Civil Appeal from |
| | : |    Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2011.

. . . . . . . . . . .

WILLIAM W. EMLEY SR., Atty. Reg. #0014972, Buckingham, Doolittle & Burroughs, 4518 Fulton Drive, N.W., Canton, Ohio 44735
        Attorney for Plaintiff-Appellee

HANS H. SOLTAU, Atty. Reg. #0019900, Hans H. Soltau Co., LPA, 6776 Loop Road, Centerville, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Theresia Davidson appeals from a summary judgment rendered in favor of plaintiff-appellee H&S Financial, Inc.  Davidson contends that the trial court erred because there are genuine issues of material fact concerning whether H&S Financial. Inc. has standing and is a real party in interest.  Davidson also contends that there are genuine issues of material fact regarding the amounts allegedly owed.

{¶ 2} We conclude that genuine issues of material fact exist regarding whether H&S Financial, Inc. is the real party in interest and is entitled to collect on a promissory note signed by Davidson. Because H&S Financial, Inc. failed to establish that it is the real party in interest, the issue of the damages and interest, if any, that is owed is moot. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

I

{¶ 3} In March 1998, H&S Financial, Inc. (H&S) filed a complaint against Theresia Davidson, alleging that Davidson had executed and delivered to "plaintiff" a promissory note in the face amount of $3,891.74. A copy of the promissory note was attached to the complaint as Exhibit A. The complaint alleged that the note was in default, and that Davidson owed $2,142.86 plus costs and interest at the rate of 27.2% per annum from September 4, 1997.

{¶ 4} The promissory note lists Davidson as the "Borrower" and City Loan Financial Services, Inc., 4025 Marshall Road, Kettering, Ohio 45420, as the "Lender." H&S designated itself in the caption of the complaint as a "successor in interest to City Loan Financial," but H&S did not attach any documents to the complaint indicating any type of transfer of ownership of the note. The complaint also did not contain any allegations with respect to transfer of ownership. H&S listed its address in the complaint as P.O. Box 292774, Lewisville, Texas 75029-2774.

{¶ 5} The promissory note is dated September 23, 1991, and is in the face amount of $3,891.74. Payments were to begin in November 1991, and after an initial payment of

$175.49 per month, were to last for 46 months at a rate of $133.99 per month. The finance charge was $2,581.28, and the total of the payments, if paid as scheduled, would be $6,473.02.

{¶ 6} The loan included amounts for premiums for credit life insurance and disability insurance, for a term of 48 months. The premiums were $121.17, and $366.60, respectively.

{¶ 7} In April 1998, Davidson filed an answer, admitting that she had executed the promissory note, but denying that she had delivered it to H&S. Davidson denied that she was in default and owed the sum claimed. In addition, Davidson asserted the defense of lack of standing, or that H&S was not the proper party to the action.

{¶ 8} An order filed after the pretrial indicated that Davidson would file a third-party complaint or motion to dismiss, but no such pleadings were filed. Subsequently, in September 1998, H&S filed a two-paragraph motion for summary judgment. H&S only stated two things in the motion: that there were no genuine issues of material fact; and that a supporting affidavit was attached. The one-paragraph affidavit of Greg Hill, attached to the motion, states that Hill is an officer of H&S, that he is in possession of company records as they relate to an account with Theresia Davidson, that the note is in default, and that Davidson owes H&S $2,285.76, plus interest. No documents were attached showing any transfer or assignment of the note to H&S.

{¶ 9} Davidson replied to the summary judgment motion in October 1998. The motion first pointed out a discrepancy between the amount alleged as owing in the complaint ($2,142.86 as of September 4, 1997), and the amount alleged as owing in the affidavit ($2,285.76) as of September 1, 1998. Davidson also pointed out the lack of evidence that H&S was entitled to pursue the claim, since the loan contained no provisions for assignment,

and no proof that the loan had been assigned.

{¶ 10} In an affidavit attached to the motion, Davidson also stated that she had obtained disability insurance as part of the loan. Davidson indicated that she became disabled as a result of an automobile accident in September 1993, and had promptly notified City Loan. Davidson also submitted all presented claim forms to her doctor and to City Loan, and assumed that no further action was required. In June, 1997, Davidson received a telephone call from an individual who represented himself to be with H&S Financial, Inc, attempting to collect on a balance owed. Davidson also attached a letter from American Health and Life Insurance Company, dated January 13, 1998, indicating that it had recently made payment of $2,108.09, which represented the period from June 23, 1994 through October 7, 1995.

{¶ 11} Two other documents were attached to Davidson's memorandum, which appear to be correspondence between the attorneys for the parties. These documents were not properly identified by any party. And finally, Davidson's attorney submitted an affidavit indicating that he had contacted the Ohio Secretary of State regarding H&S Financial, Inc., and had received information indicating that H&S was incorporated on September 7, 1993. Steve Burk was listed as the statutory agent, with an address of 4052 Holland-Sylvania Road, Toledo, Ohio 45360. The attorney also stated that the address of the statutory agent had subsequently been changed to 4930 Holland-Sylvania Road, Toledo, Ohio 45360.

{¶ 12} In October 1998, an acting judge signed an entry rendering summary judgment in favor of H&S. The entry contained no reasoning or reference to facts, but simply granted judgment against Davidson in the amount of $2,285.76 plus costs and interest at 27.2% per annum from September 4, 1997. The judgment entry does not indicate that it was served on either Davidson or her attorney. A certificate of judgment was also filed in November 1998.

{¶ 13} In December 2008, H&S filed a motion to revive a dormant judgment. After being notified, Davidson filed a motion for relief from judgment under Civ. R. 60(B)(5), based on the fact that she and her counsel had not been served by the clerk or by opposing counsel with notice of the judgment entry. In September 2009, the trial court vacated the judgment, because it had not been properly served. The court also allowed the parties to file supplemental briefs regarding the pending motion for summary judgment. Neither side filed a supplemental brief.

{¶ 14} Subsequently, in September 2010, the trial court again rendered summary judgment in favor of H&S, in the amount of $2,285.76, plus costs and interest at 27.2% per annum from September 4, 1997. As before, the court did not address specific facts or arguments, but simply concluded that no genuine issues of material fact existed.

{¶ 15} Davidson appeals from the summary judgment rendered against her.

II

{¶ 16} Davidson's sole assignment of error is as follows:

{¶ 17} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF/APPELLEE, H&S FINANCIAL, INC. AGAINST DEFENDANT/APPELLANT, THERESA DAVIDSON BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT."

{¶ 18} Under this assignment of error, Davidson contends that there are genuine issues of material fact regarding whether H&S has standing to bring this action, and regarding the amount allegedly owed under the note because of insurance coverage and payments.

{¶ 19} "A trial court may grant a moving party summary judgment pursuant to Civ. R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor." *Smith v. Five Rivers MetroParks* (1999), 134 Ohio App.3d 754, 760 (Citation omitted). "We review summary judgment decisions de novo, which means that we apply the same standards as the trial court." *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, ¶16 (Citations omitted).

{¶ 20} With respect to standing, it is "a threshold question for the court to decide in order for it to proceed to adjudicate the action." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 1998-Ohio-275. The issue of lack of standing, however, "challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." Id. To decide whether the requirement has been satisfied that an action be brought by the real party in interest, "courts must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 25. Furthermore, because standing is generally a question of law, appellate courts apply a de novo standard of review. *State ex rel. Butler Tp. Bd. of Trustees v. Montgomery County Bd. of County Commrs.*, Montgomery App. No. 22664, 2008-Ohio-6542, ¶11, citing *Cleveland Elec. Illuminating. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 523.

{¶ 21} In the case before us, the trial court made no finding on the standing issue, despite the fact that it had been raised both as a defense in Davidson's answer, and in response to the motion for summary judgment.

{¶ 22} In a similar case, the Seventh District Court of Appeals concluded that the trial court had erred in rendering summary judgment on behalf of a debt collector. *Hudson & Keyse, LLC v. Yarnevic-Rudolph*, Jefferson App. No. 09 JE 4, 2010-Ohio-5938. The action was brought by Hudson & Keyse, LLC, an alleged assignee of a personal loan agreement entered into by the defendant with Beneficial Company, LLC, in 2000. Id. at ¶1. Unlike the alleged creditor in the case before us, Hudson at least claimed to have purchased the debt from Beneficial, and offered some proof of a bill of sale and assignment. Id. at ¶4-10.

{¶ 23} The Seventh District Court of Appeals noted that:

{¶ 24} "In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee 'must allege and prove the assignment.' *Zwick & Zwick v. Suburban Constr. Co.* (1956), 103 Ohio App. 83, 84, 134 N.E.2d 733. In other words, in order to prevail, the assignee must prove that it is the real party in interest for purposes of bringing the action. An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement. *Natl. Check Bur., Inc. v. Cody*, 8th Dist. No. 84208, 2005-Ohio-283, citing *Zwick*, supra." *Hudson*, at ¶21. In concluding that the trial court had erred as a matter of law in rendering summary judgment in favor of the alleged assignee, the Seventh District Court of Appeals made the following observations:

{¶ 25} "In *Washington Mut. Bank, F.A. v. Green*, 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604, we held that the affidavit of Washington Mutual's vice president did not establish that the note and mortgage in that case had been assigned to the bank. First, the affidavit did not contain an unequivocal statement that Washington Mutual

was the holder of the note and mortgage. Second, '[t]he affidavit did not mention how, when, or whether Washington Mutual was assigned the mortgage and note.' Id. at ¶ 32, 806 N.E.2d 604; see also *Everhome Mtge. Co. v. Rowland*, 10th Dist. No. 07AP-615, 2008-Ohio-1282, ¶ 15 ('Without evidence demonstrating the circumstances under which it received an interest in the note and mortgage, [the plaintiff] cannot establish itself as the holder').

{¶ 26} " * * * *

{¶ 27} "Here, the affidavit contains an unequivocal statement by Quere that Appellee is the assignee of Beneficial's interest in the personal loan agreement. However, the 'how and when' requirement articulated in *Washington Mutual* are not met. The assignment and bill of sale is evidence that Appellee is the assignee of Beneficial's interest in some unidentified accounts, however, due to the fact that the agreement referred to in the assignment and bill of sale is not attached, it is not clear that Appellant's account is among the assigned accounts. To the extent that there is no evidence that Appellant's personal loan agreement was among the accounts assigned to Appellee by Beneficial, the trial court erred as a matter of law when it entered summary judgment." *Hudson*, ¶22-24.

{¶ 28} In the case before us, the note attached to the complaint states, under "promise to pay," that "Borrower promises to pay to the order of Lender the total of payments * * * in equal, consecutive monthly installments * * *." Exhibit A, p. 2. City Loan Financial Services, Inc., not H&S, is designated on the note as the "Lender." Furthermore, only part of the note is attached to the complaint. The note itself indicates on page 2 that the terms of the disclosure statement, note, and security interest are continued on the back of page 2. Only the first two pages of the note are attached to the complaint.

**{¶ 29}** R.C. 1303.21(B) states that "Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." See also, R.C. 1301.01(T)(1), defining "holder" with respect to negotiable instruments.

**{¶ 30}** Because the note attached to the complaint is payable to an identified party, and not to "bearer," the note could not be transferred without indorsement by the holder. H&S failed to offer any evidence of an indorsement or an assignment from City Loan. Consequently, the trial court erred in rendering summary judgment in favor of H&S, because H&S did not prove that it is the real party in interest and has standing to proceed on the note.

**{¶ 31}** The second argument raised in support of the assignment of error is that there are genuine issues of material fact regarding the amount allegedly owed. In this regard, Davidson contends that she became disabled in September 1993, and submitted the forms required by City Loan. Davidson contends that the forms were not properly processed, if at all, by City Loan, because she later completed additional forms in 1997. Payment was then finally made in 1998.

**{¶ 32}** This issue is moot, because H&S failed to establish that it is the real party in interest, which is a predicate to recovery of damages and interest, if any. In this regard, we note that *Hudson* rejected an interest rate of more than eight percent, based on the usury statute. See 2010-Ohio-5938, at ¶31-37, discussing R.C. 1343.01.

**{¶ 33}** Davidson's sole assignment of error is sustained.

III

{¶ **34**} Davidson's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN and VUKOVICH, JJ., concur

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

William W. Emley, Sr.
Hans H. Soltau
Hon. Deirdre E. Logan