[Cite as *Landmark Natl. II Corp. v. Green*, 2017-Ohio-7706.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LANDMARK NATIONAL II CORP., | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 MA 0072 |
| V. | ) | |
| | ) | OPINION |
| JOHN C. GREEN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 03 CV 1990

JUDGMENT:                    Affirmed

APPEARANCES:
For Plaintiff-Appellee        Attorney Waymon McLeskey II
                             1630 Grandview Ave. Suite B
                             Columbus, Ohio 43212-2458

For Defendant-Appellant       Attorney Richard Selby II
                             60 South Park Place
                             Painesville, Ohio 44077

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: September 11, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, John Green, appeals from a Mahoning County Common Pleas Court judgment granting the motion of plaintiff-appellee, Landmark National II Corporation, for an order of revivor.

{¶2} In 2003, Sky Bank brought a lawsuit against appellant on a cognovit note. Sky Bank obtained a judgment against appellant on June 13, 2003, in the amount of $16,076.83 (the Judgment).

{¶3} On January 10, 2008, Sky Bank assigned the Judgment to appellee. Appellee attempted to collect from appellant in 2008, but could not obtain service.

{¶4} No further action was taken until, on January 8, 2016, appellee filed a motion for order of revivor.

{¶5} The trial court issued a conditional order of revivor allowing appellant the chance to respond. Appellant filed a memorandum in opposition to the motion for order of revivor. Appellant argued that appellee did not outline in its motion how or why it stood as a successor in interest to Sky Bank and, therefore, had not established standing to bring the motion. He also argued the Judgment went dormant in 2008, and no interest could be due after that time.

{¶6} The matter was heard before a magistrate. The magistrate found that appellee was the assignee of the Judgment obtained by Sky Bank in this case. Therefore, he found appellee had standing to file the motion to revive the Judgment. The magistrate further found that appellee was not entitled to interest after the date that the Judgment went dormant, which he found was July 23, 2013.

{¶7} Appellant filed objections to the magistrate's decision. He argued that appellee's initial motion to revive the Judgment did not contain any evidence to demonstrate that it was Sky Bank's successor in interest for this Judgment.

{¶8} The trial court overruled appellant's objections. It found that the Judgment was properly assigned from Sky Bank to appellee. Therefore, appellee had a legal right to revive the judgment. The trial court adopted the magistrate's decision and entered judgment accordingly.

{¶9} Appellant filed a timely notice of appeal on May 26, 2016. He now

raises a single assignment of error.

**{¶10}** Appellant's assignment of error states:

THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION GRANTING PLAINTIFF/APPELLEE LANDMARK NATIONAL II CORP.'S MOTION FOR AN ORDER OF REVIVOR.

**{¶11}** Appellant argues appellee did not prove that it had standing to bring this claim. Appellant claims that while the evidence submitted by appellee with its reply brief in the trial court suggests that the note assigned to appellee may have been the same note Sky Bank took judgment on, the evidence is not unequivocal.

**{¶12}** An appellate court reviews de novo the issue of whether a party has standing. *Wells Fargo Bank, N.A. v. Cook*, 7th Dist. Nos. 15 CO 0013, 0019, 2016-Ohio-1060, ¶ 18.

**{¶13}** "Generally speaking, standing is '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 8, reconsideration denied, 142 Ohio St.3d 1520, 2015-Ohio-2341, 33 N.E.3d 67, ¶ 8, quoting Black's Law Dictionary 1625 (10th Ed.2014). In order to have standing, the party must demonstrate an immediate, pecuniary interest in the subject matter of the litigation. *In re Estate of Horton*, 9th Dist. Nos. 20695, 20741, 2002-Ohio-1377.

**{¶14}** In support of his position, appellant relies on this court's decision in *Hudson & Keyse, LLC v. Yarnevic-Rudolph*, 7th Dist. No. 09 JE 4, 2010-Ohio-5938. In that case, we noted that when an assignee is attempting to collect on an account, the assignee "must allege and prove the assignment." *Id.* at ¶ 21, quoting *Zwick & Zwick v. Suburban Constr. Co.*, 103 Ohio App. 83, 84, 134 N.E.2d 733 (1956). We then discussed *Washington Mut. Bank, F.A. v. Green*, 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604 (7th Dist.), where we held that an affidavit did not establish that the note and mortgage in that case had been assigned to the bank

because it did not contain an unequivocal statement that the bank was the holder of the note and mortgage and because it did not mention how, when, or whether the bank was assigned the note and mortgage. *Id.* at ¶ 22. We then went on to determine that the "how and when" elements had not been met in the case:

> The assignment and bill of sale is evidence that Appellee is the assignee of Beneficial's interest in some unidentified accounts, however, due to the fact that the agreement referred to in the assignment and bill of sale is not attached, it is not clear that Appellant's account is among the assigned accounts. To the extent that there is no evidence that Appellant's personal loan agreement was among the accounts assigned to Appellee by Beneficial, the trial court erred as a matter of law when it entered summary judgment.

*Id.* at ¶ 24.

{¶15} This case, however, is distinguishable from *Hudson*. Firstly, *Hudson* was a summary judgment case. This case is here on a motion for an order of revivor. Secondly, and more importantly though, in the case at bar, there is more than sufficient evidence to prove that Sky Bank's Judgment against appellant was assigned to appellee.

{¶16} The Schedule of Loans attached to the Bill of Sale from Sky Bank to appellee includes a loan to a John Green in the amount of $15,000 on January 31, 2003. (Reply in Support of Revivor, Caldwell Aff. Ex. 1). This particular loan is listed as account number 1100187863. (Reply in Support of Revivor, Caldwell Aff. Ex. 1). This is the identical account number, identical loan amount, and identical date listed on the original promissory note from Sky Bank to appellant, which Sky Bank attached to its original complaint.

{¶17} Moreover, an Assignment of Judgment was filed in this case on January 10, 2008. The Assignment of Judgment states that Sky Bank "does hereby sell, assign, transfer and set over unto [appellee] * * * all of their right, title and

interest in the within Judgment granted in favor of Plaintiffs and against Defendant on or about June 13, 2003 in the amount of $16,076.83."

**{¶18}** This evidence demonstrates that appellee has standing to bring the motion for revivor against appellant. In other words, the evidence shows that appellee has an immediate, pecuniary interest in the subject matter of the litigation. Therefore, the trial court did not err in granting appellee's motion for revivor.

**{¶19}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶20}** For the reasons stated above, the trial court's judgment is hereby affirmed.

DeGenaro, J., concurs.

Robb, P.J., concurs.