**FIRST UNION NATIONAL BANK, Appellee,**

v.

**HUFFORD, Appellant.**

[Cite as *First Union Natl. Bank v. Hufford,* 146 Ohio App.3d 673, 2001-Ohio-2271.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–01–07.

Decided Sept. 25, 2001.

Dennis Reimer and Adam L. Gross, for appellee.

Eric Allen and John A. Poppe, for appellant.

WALTERS, Presiding Judge.

{¶ 1} Appellant, Priscilla Hufford, appeals from a decision of the Court of Common Pleas of Auglaize County granting summary judgment in favor of appellee, First Union National Bank. For the reasons that follow, we reverse the judgment and remand the cause for further proceedings in accordance with this opinion.

{¶ 2} The facts that are relevant to the issue herein are as follows. On March 27, 2000, appellant, a resident of Auglaize County, Ohio, borrowed $34,500 from First Union Home Equity Bank, N.A., Charlotte, North Carolina, for home

improvements. As security for the loan, Hufford executed a promissory note and a mortgage deed on the subject property in Auglaize County. First Union Home Equity Bank, N.A., Charlotte, North Carolina, is the identified lender on the mortgage and payee on the promissory note. In May 2000, Hufford ceased making payments upon the obligation.

{¶ 3} On October 18, 2000, First Union National Bank, Raleigh, North Carolina, filed a complaint in foreclosure asserting ownership of the mortgage and note. Hufford filed an answer in which she denied that First Union National Bank owned the note and stated that she lacked knowledge of any ownership or right to the mortgage. Throughout the proceedings Hufford asserted that there was insufficient documentation that the bank was a proper successor-in-interest.

{¶ 4} First Union National Bank filed a motion for summary judgment on January 8, 2001, together with an affidavit of Stacy Council, an assistant vice president of First Union National Bank. Hufford moved to extend time to respond to summary judgment, filed a memorandum in opposition to summary judgment, and submitted a supplemental memorandum in opposition to summary judgment, reiterating her assertion that First Union National Bank had failed to demonstrate that it was the real party in interest entitled to enforce the mortgage and note.

{¶ 5} On March 15, 2001, the trial court permitted First Union National Bank to supplement its motion. Attached to the supplement was a June 27, 2000 notification from the Controller of Currency, Administrator of National Banks in Washington, D.C., indicating that First Union Home Equity, N.A., had merged with First Union Bank of Delaware to become First Union National Bank of Delaware.

{¶ 6} During the course of the proceedings Hufford received a series of notices from HomEq Servicing Corporation that appeared to evidence an interest in the subject mortgage and note. Hufford's attorney contacted HomEq and was informed by a company representative that it had purchased the mortgage from First Union National Bank. Based upon these claims, Hufford filed a motion to join HomEq Servicing Corporation on March 6, 2001.

{¶ 7} Thereafter, on April 6, 2001, the trial court granted appellee's summary judgment motion, finding that all necessary parties had been served, that the note was secured by a mortgage held by First Union National Bank, that the conditions of the mortgage had been broken, and that First Union National Bank was entitled to summary judgment and a decree in foreclosure as a matter of law. Appellant appealed without response from appellee.

{¶ 8} Appellant presents the following single assignment of error:

Assignment of Error

{¶ 9} "The trial court erred in granting the Plaintiff–Appellee First Union National Bank, Summary Judgment on April 10, 2001."

{¶ 10} As a threshold matter, we set forth the standard of review. In considering an appeal from a summary judgment, we review the summary judgment independently and without giving deference to the trial court's determination.[1] Instead, we apply the same standard for summary judgment used by the trial court.[2]

{¶ 11} Summary judgment is appropriate when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party.[3] The initial burden lies with the movant to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.[4] Once the movant has satisfied this burden, the burden shifts to the nonmovant to set forth specific facts demonstrating that a genuine issue of fact indeed exists for trial.[5]

{¶ 12} In her sole assignment of error, appellant argues that ownership of the mortgage and note was a material, but unascertained issue of fact precluding summary judgment and prejudicing her ability to litigate potential counterclaims.

{¶ 13} Civ.R. 17(A) provides in part that "[e]very action shall be prosecuted in the name of the real party in interest." The purpose behind Civ.R. 17 is "to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party in interest on the same matter."[6] A "real party in interest" is "one who has a real interest in the subject matter of the litigation, and not merely an interest in

1. *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388.

2. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411.

3. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196.

4. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

5. Id.

6. *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24–25, 20 OBR 210, 485 N.E.2d 701.

the action itself, i.e., one who is directly benefited or injured by the outcome of the case."[7]  In order to ascertain the real party in interest, a court must ask, Who would be entitled to damages?[8]  A party who has failed to establish itself as a real party in interest lacks standing to invoke the jurisdiction of the court and is not entitled to judgment as a matter of law.[9]

{¶ 14}  Given that compliance with Civ.R. 17 is not necessary to invoke the jurisdiction of the court of common pleas, several courts have indicated that failure to name the real party in interest is an objection or defense to a claim which is waived if not timely asserted.[10]  Though the Eleventh District has held that Civ.R. 17 is wholly inapplicable where a party is not "sui juris or the proper party to bring the action,"[11] a majority of these courts apply Civ.R. 17 and infer that the defense could be raised after an initial responsive pleading.[12]  Conversely, in *Jacobs v. Joseph*,[13] the court found that noncompliance with Civ.R. 17 provides an affirmative defense that is waived if not specifically pled in the defendant's answer.  *Jacobs* held that the trial court could not therefore dismiss the action on that basis.  However, noncompliance with Civ.R. 17 does not fit squarely within the affirmative defense provisions of Civ.R. 8(C), 9(A), or 12(B) and (H).

{¶ 15}  Civ.R. 17(A) sets forth no time limitation, stating only:

---

7.  *Shealy*, 20 Ohio St.3d at 24, 20 OBR 210, 485 N.E.2d 701.

8.  *Young v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1993), 88 Ohio App.3d 12, 16, 623 N.E.2d 94, citing *Nuco Plastics, Inc. v. Universal Plastics, Inc.* (1991), 76 Ohio App.3d 137, 143, 601 N.E.2d 152.

9.  *Kramer v. Millott* (Sept. 23, 1994), Erie App. No. E–94–5, 1994 WL 518173.  See, also, *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 701 N.E.2d 1002; *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas* (1973), 35 Ohio St.2d 176, 64 O.O.2d 103, 298 N.E.2d 515, syllabus.

10.  *Travelers Indemn. Co. v. R.L. Smith Co.* (Apr. 13, 2001), Lake App. No. 2000–L–014, 2001 WL 369677; *Hang–Fu v. Halle Homes, Inc.* (Aug. 10, 2000), Cuyahoga App. No. 76589, 2000 WL 1144807; *Robbins v. Warren* (May 6, 1996), Butler App. No. CA95–11–200, 1996 WL 227477; *MacLellan v. Motorist Ins. Co.* (Nov. 18, 1993), Cuyahoga App. No. 64090, 1993 WL 483599; *Mikolay v. Transcon Builders, Inc.* (Jan. 22, 1981), Cuyahoga App. No. 42047, 1981 Ohio App. LEXIS 11690; *Franzese v. Falcon* (Nov. 19, 1979), Lake App. No. 7–071, 1979 Ohio App. LEXIS 9451.

11.  *Travelers Indemn. Co. v. R.L. Smith Co.* (Apr. 13, 2001), Lake App. No. 2000–L–014, 2001 WL 369677; *Franzese v. Falcon* (Nov. 19, 1979), Lake App. No. 7–071, 1979 Ohio App. LEXIS 9451.

12.  *Hang–Fu v. Halle Homes, Inc.* (Aug. 10, 2000), Cuyahoga App. No. 76589, 2000 WL 1144807; *Robbins v. Warren* (May 6, 1996), Butler App. No. CA95–11–200, 1996 WL 227477; *MacLellan v. Motorist Ins. Co.* (Nov. 18, 1993), Cuyahoga App. No. 64090, 1993 WL 483599.

13.  *Jacobs v. Joseph* (Dec. 11, 1998), Lucas App. No. L–98–1045, 1998 WL 852562.

{¶ 16} "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed *after objection* for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." (Emphasis added.)

{¶ 17} In comparison, Civ.R. 12(H)(2) provides that the defense of failure to join a party indispensable under Civ.R. 19 may be made at the trial on the merits. Civ.R. 19 states, in part, that a person is to be joined if feasible where "(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may * * * (b) leave any of the persons already parties subject to * * * double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger or subrogee."

{¶ 18} In many cases, e.g., negotiable instruments, a defendant may face difficulty discovering that the plaintiff is an improper party. Consequently, the *Jacobs* interpretation of the provisions of Civ.R. 17 produces an inconsistent and inequitable result: a defendant waives and is prohibited from challenging the status of the plaintiff, but may later join another indispensable party and be subject to double recovery. Therefore, though we agree that failure to name the real party in interest as a party plaintiff must be timely raised by the defendant, we hold that noncompliance with Civ.R. 17 is not an affirmative defense that is waived if not asserted in the defendant's initial responsive motion or pleading.

{¶ 19} In the instant case, Hufford denied in her answer that First Union National Bank was the owner and holder of the promissory note and indicated that she had insufficient knowledge as to whether it was the owner and holder of the mortgage deed. Moreover, Hufford asserted that First Union National Bank had failed to demonstrate that it was the real party in interest and alerted the court to the presence of a party, potentially claiming a superior interest, in her motion to extend time to respond to summary judgment, in her memorandum in opposition to summary judgment, and in her supplemental memorandum in opposition to summary judgment. Therefore, appellant timely raised the issue, effectively placing the trial court and appellee on notice of the defense.

{¶ 20} Upon review of the record, we find that First Union National Bank failed to produce sufficient evidence explaining or demonstrating its right to the note or mortgage. Other than appellee's inferences and bald assertions, the record contains no clear statement or documentation of their relationship with First Union National Bank of Delaware or of a transfer of the note or mortgage. The only evidence connecting First Union National Bank with the note and mortgage was a letter from the Controller of Currency, Administrator of National

Banks in Washington, D.C., and the affidavit of Stacy Council, assistant vice president of First Union National Bank. The Controller of Currency's letter established only that First Union Home Equity, N.A. had merged with First Union Bank of Delaware to become First Union National Bank of Delaware. The letter provides no clear connection between First Union National Bank, Raleigh, North Carolina, and First Union National Bank of Delaware, Wilmington, Delaware.

{¶ 21} Stacy Council's affidavit provides no further connection to First Union National Bank of Delaware, stating only that First Union National Bank is a corporation authorized to do business in Ohio, that the underlying mortgage and note are part of an account that is under her supervision, that appellant had defaulted upon said account, and that First Union National Bank had exercised its option to accelerate the underlying mortgage and note. Though inferences could have been drawn from this material, inferences are inappropriate, insufficient support for summary judgment and are contradictory to the fundamental mandate that evidence be construed most strongly in favor of the nonmoving party.

{¶ 22} In addition, Hufford received, during the proceedings, a series of notices from HomEq Servicing Corporation, Jacksonville, Florida, indicating that she had failed to maintain hazard insurance "[a]s a part of the mortgage agreement." The notices stated that the account was "in [its] foreclosure department" and that her property might qualify for a loss mitigation option that would "suspend the foreclosure action." A representative of HomEq would reveal only that the company had purchased the mortgage from First Union National Bank. Unable to further ascertain the nature of HomEq's interest, Hufford filed a motion to join HomEq Servicing Corporation on March 6, 2001.

{¶ 23} In granting summary judgment the trial court failed to determine whether HomEq was a party needed for a just adjudication in an action for enforcement of the obligations. Rather, the trial court summarily stated that all necessary parties have been served with summons, that the note was secured by a mortgage held by First Union National Bank, that the conditions of the mortgage had been broken, and that First Union National Bank was entitled to summary judgment and a decree in foreclosure as a matter of law. If HomEq was, in fact, an indispensable party under Civ.R. 19, the duty of the court was to order joinder of the party, not to enter summary judgment.

{¶ 24} Upon consideration of the entire record, we find that the trial court erred by granting summary judgment. The task of determining and designating the priority mortgage holder was clearly an unascertained issue of material fact before the trial court. First Union National Bank had not established itself as a

real party in interest and was therefore not entitled to judgment as a matter of law. Accordingly, appellant's sole assignment of error is well taken.

{¶ 25} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings in accordance with this opinion.

Judgment reversed
and cause remanded.

SHAW and THOMAS F. BRYANT, JJ., concur.