OPINION
{¶ 1} Defendant-appellant, Gregory E. Vignon, appeals from a judgment of the Franklin County Court of Common Pleas that granted summary judgment in favor of plaintiff-appellee, Everhome Mortgage Company ("Everhome"). For the following reasons, we reverse. *Page 2 
 {¶ 2} In April 2003, Vignon and his former wife, Sara E. Rowland, signed a promissory note and mortgage to secure a loan for the purchase of a house. Vignon and Rowland executed these instruments in favor of TrustCorp Mortgage Company ("TrustCorp").
 {¶ 3} On April 16, 2007, Everhome filed a foreclosure action against Vignon and Rowland. In its complaint, Everhome alleged it is the holder of the note and mortgage Vignon and Rowland signed. Everhome also alleged that Vignon and Rowland defaulted in payment on the note and, as a consequence, owed Everhome $143,830.83, plus interest.
 {¶ 4} On June 4, 2007, Vignon filed an answer admitting that he has an interest in the property but denying that he defaulted in the payments. As an affirmative defense, Vignon asserted that Everhome was not a real party in interest.
 {¶ 5} Ten days later, Everhome filed a motion for summary judgment. Vignon subsequently filed his memorandum contra, arguing that: (1) Everhome did not establish itself as the holder of the note and mortgage; (2) he did not owe the amount Everhome claimed; and (3) Everhome did not comply with the requirements of Section 203.604(b), Title 24, C.F.R. In his supporting affidavit, Vignon stated that he executed the note and mortgage at issue in favor of TrustCorp. He further stated that he never signed an agreement, note, or mortgage in favor of Everhome.
 {¶ 6} The trial court entered final judgment in favor of Everhome on June 29, 2007. Vignon now appeals from that judgment and assigns the following error:
 The trial court erred as a matter of law in granting summary judgment in favor of Plaintiff-Appellee and against Defendant-Appellant in the Final Judgment Entry in Foreclosure filed June 29, 2007. *Page 3 
 {¶ 7} Pursuant to Civ.R. 56(C), a court shall render summary judgment if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on summary judgment, a court is not permitted to weigh evidence or choose among reasonable inferences. Tonti v. East Bank Condominiums, LLC, Franklin App. No. 07AP-388, 2007-Ohio-6779, at ¶ 25. Instead, a court must resolve all reasonable inferences in favor of the non-moving party.Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio St.2d 116, 120. Thus, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 {¶ 8} "[A] party seeking summary judgment * * * bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party demonstrates that there is no genuine issue of fact, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial * * *" Id.
 {¶ 9} Appellate review of summary judgment is de novo. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, an appellate court applies the *Page 4 
same standard as the trial court and conducts an independent review without deference to the trial court's determination. Tonti, at ¶ 27.
 {¶ 10} By his only assignment of error, Vignon argues that the trial court erred in granting summary judgment because there is a genuine issue of fact about whether Everhome is the holder of the note and mortgage. He asserts that he executed the note and mortgage in favor of TrustCorp — not Everhome. He argues that because Everhome did not present evidence as to how it became the holder of the note and mortgage, it has not shown that it is a real party in interest. We agree.
 {¶ 11} "Every action shall be prosecuted in the name of the real party in interest." Civ.R. 17(A). A real party in interest is one who is directly benefited or injured by the outcome of the case. Shealy v.Campbell (1985), 20 Ohio St.3d 23, 24. The purpose behind the real-party-in-interest requirement is "`to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter.'" Id. at 24-25, quoting In re HighlandHoliday Subdivision (1971), 27 Ohio App.2d 237, 240.
 {¶ 12} In foreclosure actions, the real party in interest is the current holder of the note and mortgage. Chase Manhattan Mtge. Corp. v.Smith, Hamilton App. No. C-061069, 2007-Ohio-5874, at ¶ 18; Kramer v.Millott (Sept. 23, 1994), Erie App. No. E-94-5 (because the plaintiff did not prove that she was the holder of the note and mortgage, she did not establish herself as a real party in interest). A party who fails to establish itself as the current holder is not entitled to judgment as a matter of law. First Union Natl. Bank v. Hufford (2001),146 Ohio App.3d 673, 677, 679-680. Thus, in Hufford, the Third District *Page 5 
Court of Appeals reversed a grant of summary judgment where a purported mortgagee failed to produce sufficient evidence explaining or demonstrating its right to the note and mortgage at issue. In that case, the record contained only "inferences and bald assertions" and no "clear statement or documentation" proving that the original holder of the note and mortgage transferred its interest to the appellee. Id. at 678. The failure to prove who was the real party in interest created a genuine issue of material fact that precluded summary judgment. Id. at 679-680.
{¶ l3} Similarly, in Washington Mut. Bank, F.A. v. Green (2004),156 Ohio App.3d 461, the Seventh District Court of Appeals reversed the trial court's finding of summary judgment where the plaintiff failed to prove that it was the holder of the note and mortgage. There, the defendant executed a note and mortgage in favor of Check `n Go Mortgage Services, not Washington Mutual Bank, F.A. Although Washington Mutual Bank, F.A. submitted an affidavit alleging an interest in the note and mortgage, it did not state how or when it acquired that interest. Id. at 467. The court concluded that this lack of evidence defeated the purpose of Civ.R. 17(A) by exposing the defendant to the danger that multiple "holders" would seek foreclosure based upon the same note and mortgage. Id.
{¶ l4} In the case at bar, the note and mortgage identify TrustCorp — not Everhome — as the lender. Therefore, Everhome needed to present the trial court with other evidence to prove its status as the current holder of the note and mortgage. To accomplish this, Everhome relied upon the affidavit testimony of Becky North, an Everhome officer. In her affidavit, North stated that "the copies of the Promissory Note and Mortgage Deed attached to Plaintiff's Complaint are true and accurate copies of the *Page 6 original instruments held by Plaintiff." (Emphasis added.) Beyond this tangential reference, North's affidavit contains no further averments regarding Everhome's interest in the note and mortgage.
{¶ l5} We conclude that North's testimony is insufficient to establish that Everhome is the current holder of the note. First, Everhome failed to attach the note to its complaint. Thus, North's statement does not prove anything with regard to the note, much less that Everhome currently holds the note. Second, North does not specify how or when Everhome became the holder of the note and mortgage. Without evidence demonstrating the circumstances under which it received an interest in the note and mortgage, Everhome cannot establish itself as the holder.
{¶ l6} Lacking the necessary evidence in the trial court record, Everhome attempts to introduce that evidence on appeal. In its brief, Everhome alleges that TrustCorp assigned to it TrustCorp's interest in the note and mortgage on April 19, 2007. Although evidence of an assignment would establish Everhome's status as the current holder of the note and mortgage, we cannot consider Everhome's belated allegation that an assignment occurred. See State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").
 {¶ 17} Because Everhome did not present the trial court with evidence explaining how or when it became the holder of the note and mortgage, a genuine issue of material fact exists regarding whether it is a real party in interest. Therefore, the trial court erred in *Page 7 
granting Everhome summary judgment, and we sustain Vignon's sole assignment of error.
{¶ l8} On appeal, Vignon also disputes the amount owed under the note and argues that Everhome violated Section 203.604, Title 24, C.F.R. Because we reverse the trial court's judgment based on a factual dispute over the real party in interest, these remaining issues are moot.
{¶ l9} For the forgoing reasons, we sustain Vignon's assignment of error. Therefore, we reverse the final judgment of the Franklin County Court of Common Pleas, and remand this case for proceedings in accordance with law and this opinion.
Judgment reversed and cause remanded.
 BRYANT and TYACK, JJ., concur. *Page 1