[Cite as *U.S. Bank Natl. Assn. v. Spicer*, 2011-Ohio-3128.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
ON BEHALF OF THE HOME
EQUITY ASSET TRUST 2007-3          CASE NO.  9-11-01
HOME EQUITY PASS-THROUGH
CERTIFICATES, SERIES 2007-3,

      PLAINTIFF-APPELLEE,

      v.

GREGORY M. SPICER,

      DEFENDANT-APPELLANT,
      -and-                                              **O P I N I O N**

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ET AL.,

      DEFENDANTS-APPELLEES.

---

Appeal from Marion County Common Pleas Court
Trial Court No. 2008 CV 0810

Judgment Affirmed

Date of Decision:   June 27, 2011

---

APPEARANCES:

    *Gregory M. Spicer* Appellant

    *Melissa N. Meinhart*  for Appellee

**SHAW, J.**

{¶1}   Appellant, Gregory M. Spicer ("Spicer") appeals the December 9, 2010 judgment of the Marion County Court of Common Pleas overruling his "Motion for Rule 60(B) to Vacate Judgment and Motion to Stay Sheriff's Sale."

{¶2}   On November 22, 2006, Spicer executed a promissory note with Intervale Mortgage Corporation ("Intervale") for a mortgage loan in the amount of $212,000.00 to purchase a residence located at 1517 Eagle Links Drive in Marion, Ohio.   The loan documents identified Decision One LLC ("Decision One") as Intervale's servicing agent and Mortgage Electronic Registration Systems, Inc. ("MERS") as Intervale's nominee for matters related to Spicer's loan.   The mortgage was recorded in the Marion County Recorder's office on December 1, 2006.

{¶3}   In February of 2007, Spicer received a letter from Select Portfolio Servicing ("SPS") notifying him that the servicing of his mortgage loan had been transferred from Decision One to SPS and that, as of March 1, 2007, SPS would be the entity receiving his mortgage payments.

{¶4}   On September 22, 2008, Bill Koch, an assistant secretary for MERS, issued a "corporate assignment of mortgage," which evidenced that MERS, as nominee for Intervale, assigned Spicer's mortgage to Appellee, U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity

Asset Trust 2007-3 Home Equity Pass-Through Certificates, Series 2007-3 ("U.S. Bank"). This assignment of Spicer's mortgage was subsequently recorded in the Marion County Recorder's office.

{¶5} On September 25, 2008, U.S. Bank filed a complaint for foreclosure against Spicer alleging the note to be in default because Spicer failed to make the monthly payments on the note since April 28, 2008, and the default had not been cured. The complaint alleged that a balance of $208,865.11, plus interest remained outstanding on the promissory note. U.S. Bank requested judgment against Spicer for this amount, plus late charges, advances made for the payment of taxes, assessments, insurance premiums, or cost incurred for the protection of the mortgaged premises. U.S. Bank also requested the trial court to order a foreclosure and sale of the property. The record demonstrates that Spicer was properly served with the complaint on October 21, 2008.

{¶6} Spicer failed to appear or otherwise enter into the action and on January 5, 2009, U.S. Bank filed a motion for default judgment which was subsequently granted by the trial court. On January 12, 2009, the trial court entered a decree in foreclosure and ordered the property to be sold. The property was scheduled for a Sheriff's sale on April 17, 2009.

{¶7} On April 13, 2009, Spicer sent an ex parte letter to the trial court requesting a stay in the sale proceedings. Spicer's letter was placed in the record

with a "received" stamp, but was not "file-stamped" by the clerk of courts. Moreover, there is no evidence that Spicer served this letter on counsel for U.S. Bank or that U.S. Bank was otherwise made aware of the existence of this letter.

{¶8} On April 23, 2009, U.S. Bank filed a "Motion to Vacate Order for Sale and Withdraw Property from Sale" with the trial court. In this motion, U.S. Bank informed the court that "Plaintiff and the borrower have entered into a loss mitigation agreement." On April 24, 2009, the trial court granted U.S. Bank's motion to withdraw the property from the scheduled Sheriff's sale.

{¶9} On June 23, 2009, U.S. Bank filed an "Alias Praecipe for Order for Sale" requesting an order of sale and for the Sheriff to appraise, advertise, and sell the property.

{¶10} On August 10, 2009, a notice of sale was filed. The sale was scheduled to take place on September 18, 2009. U.S. Bank subsequently filed another "Motion to Vacate Order for Sale and Withdraw Property from Sale" stating that the parties "have entered into a forbearance agreement." The trial court subsequently granted U.S. Bank's motion to vacate the order of sale.

{¶11} On March 31, 2010, U.S. Bank filed a second "Alias Praecipe for Order for Sale" requesting an order of sale on the property and notice of sale was subsequently filed, scheduling the sale of the property. On June 22, 2010, U.S. Bank then filed a third "Motion to Vacate Order for Sale and Withdraw Property

from Sale." The reason cited for this motion was that the parties "are in the process of negotiating a loss mitigation agreement."

{¶12} On July 12, 2010, the trial court granted U.S. Bank's motion to withdraw the property from the Sheriff's sale; however, the court also noted in its order that "No further withdrawals of sale will be allowed."

{¶13} On July 15, 2010, U.S. Bank filed a "Pluries Praecipe for Order for Sale without Reappraisal" requesting that another order of sale be issued on the property. Sale of the property was scheduled for November 19, 2010.

{¶14} On October 21, 2010, nineteen months after the trial court issued its decree in foreclosure on the property, Spicer filed a "Motion for Rule 60(B) to Vacate Judgment and Motion to Stay Sheriff's Sale." Notably, this is the first formal appearance entered by Spicer in this action. In this motion, Spicer argued that he was never given the original loan documents evidencing his loan with Intervale, and that his original loan had been "shuffled around and assigned to various parties." Spicer further alleged that there is no proof U.S. Bank was properly assigned the promissory note and mortgage. Spicer also claimed that he is a victim of "robo-signing"[1] by SPS, the servicing agent for his mortgage loan.

---

[1] Here, Spicer is referring to media reports covering the alleged widespread misconduct by mortgage servicers and banks during foreclosing procedures. Such alleged misconduct includes employees of these entities signing affidavits purporting to have knowledge of the contents of foreclosure files that the employees never actually reviewed and, therefore, have no personal knowledge of relative to the foreclosure proceedings.

In support of his motion, Spicer attached several internet articles and blogs, which generally discussed the alleged misconduct of some mortgage companies.

{¶15} In this motion, Spicer also requested that the trial court stay the Sheriff's sale until it can be proven "who has actual position *[sic]* and ownership of the original mortgage and standing to foreclose on the mortgage." However, he failed to specifically claim in this motion that he is entitled to relief pursuant to any of the enumerated grounds listed in Civ.R. 60(B) with respect to his instant case, or otherwise attempt to satisfy any the requirements a movant must prove in order to be entitled to Civ.R. 60(B) relief from judgment.

{¶16} On October 25, 2010, Spicer filed a supplement to his "Motion for Rule 60(B) to Vacate Judgment and Motion to Stay Sheriff's Sale" and attached several more unauthenticated articles and documents about MERS and Intervale, which were not of direct relevance to his case.

{¶17} On October 28, 2010, Spicer filed another supplement to his "Motion for Rule 60(B) to Vacate Judgment and Motion to Stay Sheriff's Sale," attaching an amicus brief written by the Ohio Attorney General, which was filed in relation to a Cuyahoga County case, a separate and distinct case from Spicer's case. Spicer argued that this other case was of particular relevance to his case because it involved U.S. Bank and its counsel of record in the case sub judice. Spicer urged the trial court to impute to his case any misconduct alleged against

U.S. Bank in the Cuyahoga County case. Spicer also filed more internet articles generally examining the causes of the mortgage crisis, specifically the role of "robo-signing" by lenders in foreclosure actions.

{¶18} On November 4, 2010, Spicer filed a third supplement to his "Motion for Rule 60(B) to Vacate Judgment and Motion to Stay Sheriff's Sale," now arguing that U.S. Bank had no standing to bring the underlying foreclosure action because the original mortgage lender, Intervale, did not have authority to execute mortgages in Ohio. Spicer further argued that U.S. Bank did not sign the original promissory note and does not have the original "wet ink" promissory note in its possession. Spicer also identified, for the first time, the two individuals who signed affidavits in support of the foreclosure proceedings from MERS and SPS,[2] and accused them of being "robo-signers" who "lack personal knowledge of the facts herein." (Supp. Mot. Nov. 4, 2010 at 2).

{¶19} Notably, in each of his supplements to his "Motion for Rule 60(B) to Vacate Judgment and Motion to Stay Sheriff's Sale," Spicer again failed to identify any grounds on which he is entitled to relief pursuant to Civ.R. 60(B).

{¶20} On November 8, 2010, U.S. Bank filed its memorandum in opposition to Spicer's "Motion for Rule 60(B) to Vacate Judgment and Motion to Stay Sheriff's Sale." U.S. Bank argued that Spicer failed to satisfy the burden

---

[2] SPS is also the servicer for U.S. Bank on Spicer's mortgage.

required to be shown by a movant that he or she is entitled to relief from judgment under Civ.R. 60(B). Specifically, U.S. Bank asserted that Spicer failed to identify what grounds, if any, exist for vacating the judgment, provide any operative facts or admissible evidence in support of such grounds, failed to identify a meritorious defense to the foreclosure proceedings—i.e. why the loan is not in default for Spicer's non-payment, and that his Civ.R. 60(B) motion was not timely.

{¶21} U.S. Bank further asserted that it is the real party in interest to bring the foreclosure proceedings and argued that Spicer had waived this issue by failing to raise it until nineteen months after the decree in foreclosure was entered by the trial court.

{¶22} On November 15, 2010, Spicer filed a "Reply Brief" to U.S. Bank's memorandum in opposition to his "Motion for Rule 60(B) to Vacate Judgment and Motion for Stay of Sheriff's Sale." In his response, Spicer urged the trial court to follow a procedural rule adopted by the Cuyahoga Court of Common Pleas requiring plaintiffs to follow certain directives in filing complaints for foreclosure in that court. Spicer also, for the first time, alleged that he is entitled to relief on one of the grounds listed in Civ.R. 60(B), specifically Civ.R. 60(B)(5), which is the "catch-all" provision under the rule, permitting the court to vacate a judgment "for any other reason justifying relief from the judgment." Civ.R. 60(B)(5). Spicer argued that U.S. Bank "is perpetrating a fraud upon this court" and asserted

several unsubstantiated allegations to support his position. Spicer also maintained that his motion is timely because Civ.R. 60(B)(5) does not state a specific timeframe to bring the motion, but rather requires the motion to be filed within a "reasonable time."

{¶23} U.S. Bank filed a response to Spicer's "Reply Brief" on November 19, 2010, and attached several documents refuting Spicer's various allegations, including that it was not the real party in interest under Civ.R. 17(A) to file the foreclosure action.

{¶24} On November 22, 2010, U.S. Bank filed a fourth "Motion to Vacate Order for Sale and Withdraw Property from Sale" requesting the trial court to temporarily refrain from executing the sale in order for U.S. Bank to comply with recent directives issued by the U.S. Treasury Department.

{¶25} On December 9, 2010, the trial court issued its decision overruling Spicer's "Motion for Rule 60(B) to Vacate Judgment and Motion for Stay of Sheriff's Sale." Specifically, the trial court determined that Spicer failed to timely raise the defense that U.S. Bank was not the real party in interest under Civ. R. 17(A). The trial court also concluded that Spicer failed to satisfy his burden demonstrating he is entitled to relief under Civ.R. 60(B)(5). Furthermore, the trial court found the following with respect to Spicer's allegations of misconduct by SPS:

> **As no misconduct has been alleged against [SPS], Defendant Gregory Spicer has not shown sufficient grounds [for] the granting of relief from judgment in this action. This is particularly true since said Defendant did nothing to object to the original judgment being rendered in this action, and did nothing to attempt to obtain relief from judgment until 21 [sic] months after the Judgment was rendered in this action. Said Defendant has made absolutely no showing that he had not failed to make his mortgage payments as agreed under the promissory note.**

(JE, Dec. 9, 2010 at 4).

**{¶26}** Spicer subsequently filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN THAT FORECLOSURE IN THIS ACTION WAS FILED ON JANUARY 12, 2009, AND THAT DEFENDANT GREGORY SPICER DID NOT FILE HIS MOTION FOR RELIEF FROM JUDGMENT UNTIL OCTOBER 21, 2010. THIS 21-MONTH DELAY IS WELL BEYOND THE ONE YEAR TIME LIMIT.**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN CONCLUDING THAT NOTHING IN THE RECORD OF THIS ACTION SHOWING THAT THE SERVICER OF THE MORTGAGE QUESTIONED, SELECT PORTFOLIO SERVICING, INC., OR THAT BILL KOCH HAS ENGAGED IN ANY OF THE MISCONDUCT.**

**{¶27}** For ease of discussion, we elect to address Spicer's assignments of error together.

{¶28} In his first assignment of error, Spicer claims that the trial court erred when it found that he did not file his Civ.R. 60(B) motion for relief from judgment until twenty-one months after the trial court rendered judgment on the foreclosure action.[3] Spicer appears to argue that his April 13, 2009 ex parte letter to the trial court served as a functional equivalent for a Civ.R. 60(B) motion for relief from judgment and, therefore, his motion should be considered timely because it was sent to the court only three months after it rendered its foreclosure judgment.

{¶29} First, we observe that in his April 13, 2009 letter, Spicer simply requests the trial court to stay the Sheriff's sale. In reviewing this letter, we note that Spicer fails to mention Civ.R. 60(B), let alone make any statement that can be construed as a request for relief from judgment under Civ.R. 60(B). In addition, Spicer neglects to cite any legal authority which supports his position that his ex parte letter, which does not contain the contents required by Civ.R. 60(B) in substance or in form, should be construed by the trial court as a timely filed motion for relief from judgment.

---

[3] As a point of clarification, Spicer filed his "Motion for Rule 60(B) to Vacate Judgment and Motion for Stay of Sheriff's Sale" nineteen months after the trial court entered its judgment of foreclosure. However, Spicer's initial filing of his motion was captioned as a Civ.R. 60(B) motion, but contained none of the required substance of such a motion. It was not until two months later, twenty-one months after the trial court's foreclosure judgment, that Spicer actually included Civ.R. 60(B) elements in his "Reply Brief."

-11-

{¶30} Moreover, pursuant to App.R. 16(A)(7) we are not required to address arguments that have not been sufficiently presented for review or supported by proper authority. Therefore, it is well within our purview to disregard this assignment of error. See App.R. 12(A)(2). Nevertheless, in reviewing this issue we find no authority supporting Spicer's contention that the trial court erred when it determined that he failed to file his Civ.R. 60(B) motion until twenty-one months after the foreclosure judgment was entered.

{¶31} Spicer also argues under this assignment of error that the trial court erred in determining that he is not entitled to relief from judgment under Civ.R. 60(B)(5). Initially, we note that in order to prevail on a Civ.R. 60(B) motion, a party must show 1) a meritorious defense or claim to present if relief is granted; 2) the party is entitled to relief under one of the five enumerated grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within the required timeframe. *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535, 1998-Ohio-466; *Douglas v. Boykin* (1997), 121 Ohio App.3d 140, 145, 699 N.E.2d 123.

{¶32} The elements entitling a movant to Civ.R. 60(B) relief "are independent and in the conjunctive; thus, the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d. 172, 174, 637 N.E.2d 914, 1994-Ohio-107. "The decision to grant or deny a motion to vacate judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not

be disturbed absent an abuse of discretion." *Id.* An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶33} On appeal, Spicer argues that he is entitled to relief from judgment under Civ.R. 60(B)(5), which is the "catch-all" provision of the rule permitting a court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." This provision of the rule is not subject to the one-year limitation in filing as motions filed under Civ.R. 60(B)(1), (2), and (3).[4] Rather, motions filed on the grounds of Civ.R. 60(B)(5) are required to be filed in a reasonable time.

{¶34} In support of his position, Spicer argues that U.S. Bank is not the real party in interest to bring these foreclosure proceedings and that U.S. Bank and its servicing agent SPS had committed a "fraud upon the court." The trial court addressed both of these issues in its judgment entry overruling his "Motion for Rule 60(B) to Vacate Judgment and Motion to Stay Sheriff's Sale."

---

[4] Civil Rule 60(B) specifically provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

**{¶35}** First, with respect to Spicer's argument that U.S. Bank is not the real party in interest to bring these foreclosure proceedings, we note that the trial court concluded that Spicer waived this argument because he failed to timely assert it. Civil Rule 17(A) provides, in pertinent part:

> **Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.**

**{¶36}** The Supreme Court of Ohio has stated that "[t]he purpose behind the real party in interest rule is to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter." *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 485 N.E.2d 701.

**{¶37}** As previously noted by this Court, a majority of appellate courts infer that the defense that a party is not the real party in interest can be raised after an initial responsive pleading, and if it is not raised in a timeframe relative to that initial pleading stage in the proceedings, then the defense is waived. *First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673, 677, 2001-Ohio-2271, ¶13, 767 N.E.2d 1206 citing *Travelers Indemn. Co. v. R.L. Smith Co.* (Apr. 13, 2001), 11th

Dist. No. 2000-L-014, *Hang-Fu v. Halle Homes, Inc.* (Aug. 10, 2000), 8th Dist. No. 76589, *Robbins v. Warren* (May 6, 1996), 12th Dist. No. CA95-11-200; see also *Mid-State Trust IX v. Davis*, 2nd Dist. No. 07-CA-31, ¶58 (affirming this principle on similar facts and concluding that the issue of standing for the real party in interest defense is waived if not timely asserted).

{¶38} Here, the record demonstrates that Spicer failed to enter a formal appearance in this action until more than nineteen months after the trial court entered its decree in foreclosure on the property. Spicer provides neither the trial court nor this Court with any explanation why he was unable to make any appearance in the underlying foreclosure proceedings, let alone timely raise this issue during the initial pleading phase. Rather, Spicer simply makes blanket assertions that U.S. Bank is not the real party in interest without submitting any evidence to substantiate his claim. Moreover, Spicer cites no legal authority to support his position. Accordingly, we do not find the trial court's determination that Spicer failed to timely assert a real-party-in-interest defense to be an abuse of discretion.

{¶39} Spicer's second basis that he is entitled to relief under Civ.R. 60(B)(5) is his assertion that U.S. Bank and SPS have committed a "fraud on the court." In making this argument Spicer relies solely on *Coulson v. Coulson*, (1983), 5 Ohio St.3d 12, 448 N.E.2d 809. In *Coulson*, an attorney represented to

the court that he was counsel for the Plaintiff in a divorce action at the same time he was colluding with the Defendant in the action, by drafting a separation agreement on the behalf of the Plaintiff at the direction and upon the terms dictated by the Defendant. *Id*. at 13. The domestic relations court relied on the attorney's representation and approved the separation agreement and incorporated it into its judgment, unaware of the attorney's prior arrangement with the Defendant. *Id*. The Supreme Court of Ohio determined that the attorney's actions in this instance constituted a "fraud upon the court." *Id*. at 16-17.

{¶40} As explained by the Supreme Court, fraud upon the court embraces the " 'species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.' " *Coulson*, 5 Ohio St.3d at 15 quoting MOORE'S FEDERAL PRACTICE (2 Ed.1971) 515, paragraph 60.33.

{¶41} As the basis for his claim that U.S. Bank and SPS committed a fraud upon the trial court, Spicer alleges that Bill Koch, the individual who effectuated the assignment of Spicer's mortgage between Intervale and U.S. Bank, is a "robo-signer." However, Spicer provided the trial court with no evidence to substantiate this claim other than unauthenticated internet articles discussing the alleged misconduct of mortgage lenders in the industry. There is nothing in these articles

or Spicer's unsupported allegations that can be construed as a "fraud upon the court." Spicer simply failed to provide any relevant evidence to demonstrate misconduct on the part of U.S. Bank or its servicing agent, SPS in this matter.

{¶42} In addition, we note that Civ.R. 60(B)(5) applies only when a more specific provision of the rule does not apply. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 1994-Ohio-107. Moreover, Civ.R. 60(B)(5) is not intended to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365. Here Spicer's allegations of misconduct against U.S. Bank and SPS are more akin to the traditional legal concept of fraud, which is specifically addressed by Civ.R. 60(B)(3). However, as previously mentioned, a motion filed pursuant to Civ.R. 60(B)(3) must be filed within one year from the entry of the judgment the movant seeks to vacate. Spicer's "Motion for Rule 60(B) to Vacate Judgment" was filed several months after the expiration of this timeframe. Accordingly, for all these reasons we find that the trial court did not abuse its discretion when it concluded that Spicer is not entitled to relief under Civ.R. 60(B) and overruled his "Motion for Rule 60(B) to Vacate Judgment and Motion for Stay of Sheriff's Sale."

{¶43} Based on the foregoing, Spicer's first and second assignments of error are overruled and the judgment of the Marion County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**