[Cite as *JPMorgan Chase Bank, Natl. Assn. v. Fallon*, 2014-Ohio-525.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA3 |
| v. | : | |
| | | <u>DECISION AND</u> |
| SCOTT T. FALLON,[1] ET AL., | : | <u>JUDGMENT ENTRY</u> |
| Defendants-Appellants. | : | RELEASED 02/10/2014 |

<u>APPEARANCES</u>:

John Sherrod, Mills, Mills, Fiely & Lucas, LLC, Columbus, Ohio, for Appellants.

Thomas Wyatt Palmer and David J. Carey, Thompson Hine LLP, Columbus, Ohio, and Stephen D. Williger, Thompson Hine LLP, Cleveland, Ohio, for Appellee.

Hoover, J.

{¶ 1} Scott and Kimberly Fallon appeal the judgment of the Pickaway County Common Pleas Court, which awarded summary judgment pursuant to Civ.R. 56 to appellee, JPMorgan Chase Bank, National Association ("Chase"). For the following reasons, we affirm.

I.      Factual & Procedural Background

{¶ 2} On February 25, 2003, Scott and Kimberly Fallon signed a promissory note for $124,700. The note was secured by a mortgage on the Fallons' property located at 8896 State Route 188, Circleville, Ohio. While the lender of the note was Direction Mortgage Company

---

[1] The parties use the caption "Scott J. Fallon, et al.," in their respective briefs. However, it is this Court's practice to use the same case caption as used by the trial court in the entry being appealed.

("Direction"), Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the mortgagee on the mortgage, as nominee for Direction and its successors and assigns. On February 25, 2003, Direction endorsed the note in favor of Flagstar Bank, FSB ("Flagstar"). A second, undated endorsement appears below the Flagstar endorsement, as follows:

PAY TO THE ORDER OF
WITHOUT RECOURSE
FLAGSTAR BANK, FSB

The second endorsement is signed by what appears to be two representatives of Flagstar. On August 18, 2011, MERS assigned the mortgage to Chase.

{¶ 3} On September 30, 2011, Chase filed a complaint in foreclosure against the Fallons, and others not parties to this appeal, alleging that it was a person entitled to enforce the note and that the Fallons were in default on the note and mortgage. Attached to the complaint were copies of the note, the mortgage, the mortgage assignment, and a preliminary judicial report. The Fallons answered the complaint and denied all of Chase's allegations. On September 25, 2012, Chase filed a motion for summary judgment. Attached to its motion, Chase submitted the affidavit of Lanier M. Jeffrey ("Jeffrey"). In the affidavit, Jeffrey averred that: (1) he was an employee of Chase in the capacity of "Vice President," (2) Chase's records contain "a Note executed by Scott T. Fallon [and] Kimberly J. Fallon," (3) he reviewed business records related to the Fallons' loan, including "the Note" and "Mortgage," "[t]rue and exact copies" of which were attached to the affidavit, (4) Chase "holds the Note," (5) his affidavit was based on a review of business records relating to the Fallons' loan and on his own personal knowledge, and (6) the Fallons were in default on the note and mortgage, and owed $111,533.74, together with interest at the rate of 6.25 percent per year from July 1, 2010, plus advances for taxes and insurance.

Attached to the affidavit were copies of the note and the mortgage. The mortgage assignment was also attached to Chase's motion for summary judgment.

{¶ 4} The Fallons filed a memorandum in opposition to summary judgment; and Chase filed a reply memorandum. On November 15, 2012, the trial court granted summary judgment in favor of Chase. This appeal followed.

## II.     Assignment of Error

{¶ 5} The Fallons assert the following sole assignment of error:

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR
SUMMARY JUDGMENT BECAUSE APPELLEE WAS NOT A PARTY
ENTITLED TO ENFORCE THE PROMISSORY NOTE COVERING
APPELLANTS' PROPERTY AND BECAUSE ITS SUMMARY JUDGMENT
AFFIANT DID NOT PROPERLY AUTHENTICATE THE NOTE OR
SUPPORT THE ATTESTATION IT WAS THE HOLDER OF THE NOTE.

## III.     Analysis

### A.     *Standard of Review*

{¶ 6} We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently review the record and the inferences that can be drawn from it to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long-Term Care, Inc.*, 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶ 12; *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 16.

{¶ 7} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and

that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the nonmoving party's favor.  Civ.R. 56(C). The party moving for summary judgment bears the initial burden to demonstrate that no genuine issues of material fact exist and that they are entitled to judgment in their favor as a matter of law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims.  Civ.R. 56(C); *Dresher* at 293, 662 N.E.2d 264. Moreover, the trial court may consider evidence not expressly mentioned in Civ.R. 56(C) if such evidence is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Discover Bank v. Combs*, 4th Dist. Pickaway No. 11CA25, 2012-Ohio-3150, ¶ 17; *Wagner v. Young*, 4th Dist. Athens No. CA1435, 1990 WL 119247, *4 (Aug. 8, 1990). Once that burden is met, the nonmoving party then has a reciprocal burden to set forth specific facts to show that there is a genuine issue for trial. *Dresher* at 293, 662 N.E.2d 264; Civ.R. 56(E).

### B.    *Chase's Status as Note and Mortgage Holder*

{¶ 8}  The Fallons argue that the trial court's award of summary judgment was inappropriate because Chase failed to demonstrate that it is the real party in interest. Specifically, the Fallons contend that neither the face of the note, nor the Jeffrey affidavit establish that Chase is the current holder of the note. We disagree.

{¶ 9} "Every action shall be prosecuted in the name of the real party in interest." Civ.R. 17(A). A real party in interest is one who is directly benefitted or injured by the outcome of the case. *Shealy v. Campbell*, 20 Ohio St.3d 23, 24, 485 N.E.2d 701 (1985). The purpose behind the real party in interest requirement is " 'to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter.' " *Id*. at 24-25, quoting *In re Highland Holiday Subdivision*, 27 Ohio App.2d 237, 240, 273 N.E.2d 903 (4th Dist.1971).

{¶ 10} "In foreclosure actions, the real party in interest is the current holder of the note and mortgage." *Everhome Mtge. Co. v. Rowland*, 10th Dist. Franklin No. 07AP-615, 2008-Ohio-1282, ¶ 12. "The failure to prove itself as the real party in interest creates a genuine issue of material fact that precludes summary judgment." *HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶ 25, citing *First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673, 679-680, 767 N.E.2d 1206 (3rd Dist.2001); *see also U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 32 (7th Dist.) ("Where a party fails to establish itself as the current holder of the note and mortgage, summary judgment is inappropriate").

{¶ 11} "Ohio's version of the Uniform Commercial Code governs who may enforce a note. R.C. 1301.01 et seq. Article 3 of the UCC governs the creation, transfer and enforceability of negotiable instruments, including promissory notes secured by mortgages on real estate."

*Edmon* at ¶ 26, citing *Fed. Land Bank of Louisville v. Taggart*, 31 Ohio St.3d 8, 10, 508 N.E.2d 152 (1987).[2]

{¶ 12} Under the code, a "person entitled to enforce" an instrument includes the holder of the instrument. R.C. § 1303.31. "Holder," meanwhile, means either of the following:

(a) If the instrument is payable to bearer, a person who is in possession of the instrument;

(b) If the instrument is payable to an identified person, the identified person when in possession of the instrument.

R.C. § 1301.01(T)(1). Thus, to be a "holder" a party must be in possession of the instrument that is either payable to the party in possession (specifically endorsed), or payable to bearer (blank endorsement[3]).

{¶ 13} In the case sub judice, we agree with the Fallons that the face of the note does not establish Chase as the note holder. The most recent endorsement was a blank endorsement[4]; and thus, holder status is determined by possession of the note. It follows that possession cannot be established by simply viewing the face of the note. *See Deutsche Bank v. Holloway*, 9th Dist. Lorain No. 12CA010331, 2013-Ohio-5194, ¶ 8 (noting that because the note was endorsed in

---

[2] R.C. 1301.01 was repealed by Am.H.B. No. 9, 2011 Ohio Laws File 9, effective June 29, 2011. That act amended the provisions of R.C. 1301.01 and renumbered that section so that it now appears at R.C. 1301.201. Because R.C. 1301.201 only applies to transactions entered on or after June 29, 2011, we apply R.C. 1301.01 to this appeal.

[3] " 'Blank indorsement' means an instrument that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specifically indorsed." R.C. § 1303.25(B). A special endorsement is an endorsement that identifies a person to whom it makes the instrument payable. R.C. § 1303.25(A).

[4] The Fallons argue in their merit brief that the second, undated endorsement is actually a specific endorsement to Flagstar; as opposed to a blank endorsement. However, a review of the note clearly demonstrates that the second endorsement does not identify a specific payee, and is thus a blank endorsement. Moreover, the note had already been specifically endorsed in favor of Flagstar by virtue of the first endorsement, and thus, it does not make sense that Flagstar would endorse the note to itself via the second endorsement. Finally, the Fallons' argument is mere speculation and is not corroborated by any record evidence.

blank, it was not clear from the face of the note what entity was the holder). Nonetheless, and contrary to the Fallons' arguments, Chase established that it possesses the note, and thus is the holder of the note, through the Jeffrey affidavit. Specifically, Jeffrey averred that he reviewed the Chase business records pertaining to the loan and that the records "contain a Note executed by Scott T. Fallon [and] Kimberly J. Fallon in the amount of $124.700.00 secured by a Mortgage on a property located at 8896 State Route 188, Circleville, OH 43113." Jeffrey further averred that Chase "holds the Note."

{¶ 14} In short, the Jeffrey affidavit along with the attached note established that Direction specifically endorsed the note to Flagstar, and Flagstar subsequently endorsed the note in blank. As Chase was in possession of the note containing a valid blank endorsement, Chase was the holder of the note and was entitled to enforce it upon the Fallons' default. *See* R.C. § 1303.31; R.C. § 1303.25(B). Moreover, in its motion for summary judgment, Chase attached a copy of a duly executed assignment demonstrating that all interest in the mortgage of the subject property had been assigned to it effective August 18, 2011. The assignment was recorded in the Pickaway County Recorder's Office on September 12, 2011. Thus, Chase is also the owner of the mortgage.

C. *Authentication of the Note*

{¶ 15} The Fallons also argue - "irrespective" of the issue of whether Chase was a real party in interest - that Chase failed to properly authenticate the note through the Jeffrey affidavit. Specifically, the Fallons contend that the affidavit is fatally flawed because Jeffrey did not attest that he compared "the Note" with the original, or explain why he could not.

{¶ 16} "To be considered in a summary judgment motion, Civ.R. 56(E) requires an affidavit to be made on personal knowledge, set forth such facts as would be admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters stated in the affidavit." *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 27, citing Civ.R. 56(E); *see also Wesley v. Walraven*, 4th Dist. Washington No. 12CA18, 2013-Ohio-473, ¶ 24. " 'Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E).' " *Bell* at ¶ 27, quoting *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 16. "Additionally, documents referred to in an affidavit must be attached and must be sworn or certified copies." *Id.*, citing Civ.R. 56(E). "Verification of these documents is generally satisfied by an appropriate averment in the affidavit, for example, that 'such copies are true copies and reproductions.' " *Id.*, quoting *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981); *see also Walraven* at ¶ 31 ("Civ.R. 56(E)'s requirement that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit with a statement contained in the affidavit that the copies are true and accurate reproductions.")

{¶ 17} Here, we find that the Jeffrey affidavit set forth the necessary information to be considered on summary judgment under Civ.R. 56(E). For instance, Jeffrey averred that through his stated position as Vice President for Chase he had access to Chase's business records. Jeffrey also stated that "[t]he statements made in this Affidavit are based on my personal knowledge" and that "I make this affidavit based upon my review of those records relating to the Borrower's loan and from my own personal knowledge of how they are kept and maintained." Accordingly, Jeffrey's affidavit sufficiently established the personal knowledge and competency requirements.

In addition, and contrary to the Fallons' assertions, the affidavit specifically stated that "Chase's records contain a Note executed by Scott T. Fallon [and] Kimberly J. Fallon in the amount of $124,700.00 secured by a Mortgage on a property located at 8896 State Route 188, Circleville, OH 43113[,]" that Jeffrey personally reviewed "the Note" and "Mortgage," and that "[t]rue and exact copies of the Note and Mortgage are attached [to the affidavit.]" These statements indicate that Jeffrey compared the attached copy of the note to the original note contained in Chase's business records. Finally, the affidavit implicitly indicates that Chase is in possession of the note as Jeffrey stated that the Chase records contain the note. Accordingly, Jeffrey was able to swear to the authenticity of the note as required by Civ.R. 56(E).

{¶ 18} The Fallons argue that there is no way of telling whether "the Note" referred to by Jeffrey is the original note, or a reproduction. Thus, they contend that Jeffrey could not attest to the authenticity of the copy attached to the affidavit. This assertion, however, is speculative and is not supported by any evidence that "the Note" is anything other than the original note. Put simply, the Fallons have not met their reciprocal burden of providing sufficient rebuttal evidence demonstrating that the copy of the note filed with the affidavit was not actually a true and exact copy of the original.

## IV.    Conclusion

{¶ 19} Upon consideration of the entire record, we find that the trial court did not error in granting summary judgment. Chase had sufficiently established itself as the holder of the note and mortgage and was therefore entitled to judgment as a matter of law. Furthermore, Chase did properly authenticate the note attached to the summary judgment affidavit. Accordingly, the Fallons' sole assignment of error is overruled.

{¶ 20}  Having conducted a de novo review and finding no error prejudicial to the

Fallons, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellants shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

By:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
   Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.